(1 App. Div. 420.)

PEOPLE ex rel. McKENNA v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

REMOVAL OF POLICEMAN—HEARING—NOTICE.

Consolidation Act (Laws 1882, c. 410), § 250, as amended by Laws 1884, c. 180, authorizes the board of police commissioners to provide rules for the hearing of charges against police officers on reasonable notice. The board by rule required that notice should be given two days before the hearing. *Held* that, where notice was served on the 9th fixing the date of hearing on the 15th, the board could not, by service of another notice on the 13th, require the officer charged to submit to trial on the 14th.

Proceedings on the relation of Felix McKenna against James J. Martin and others, as police commissioners, for a writ of certiorari to review the action of the commissioners in removing relator as an officer of the police force. Removal proceedings annulled.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

C. W. Dayton, for relator.
Theodore Connoly, for defendants.

RUMSEY, J. The relator was a sergeant of police, against whom charges were preferred in August, 1894, upon which he was tried before the police board, and dismissed. He sues out this writ of certiorari to review this action of the board. In the view we have taken of this case, there lies, at the very beginning of it, so serious an irregularity and defect that we are required to reverse the proceedings, without considering the merits, and it must be understood that our decision is made solely upon the irregularity hereafter stated, and without in any way expressing an opinion as to the correctness of the proceedings after the trial was begun, or the correct-

ness of the final decision. It appears, from the return, that charges were preferred against McKenna, upon which he was suspended early in August, 1894. On the 9th day of August, 1894, a copy of these charges was served upon him, with a notice that such charges would be examined before the commissioners on the 15th day of August, at 10 o'clock in the morning. On the 13th day of August, another notice was served upon him, that his trial had been set down for 1 o'clock p. m. on the 14th, which was one day sooner than the notice originally provided for. He appeared on that day, pursuant to the order, but objected to the trial proceeding, upon the ground that he had not received the notice provided for by the rule. His objection in that regard was overruled, the trial was proceeded with, and he was dismissed. As it appears to us, the proceeding with the trial under those circumstances was a fatal irregularity. By section 250 of the consolidation act [1] the board of police commissioners is authorized to adopt rules and regulations for the examination, hearing, investigation, and determination of charges preferred against any member of the police force, and no member shall be dismissed until written charges shall have been preferred against him, nor until such charges have been examined, heard, and investigated before one or more commissioners, upon such reasonable notice to the member charged as the said board of police may, by rules and regulations, from time to time prescribe. Pursuant to that provision of the statute, the police board had prescribed, by its rule number 189, that when written charges should be preferred against any member of the police force they should be filed with the chief clerk, whereupon specifications of the charges, with a notice of the time and place of trial, shall be served upon the party charged, two days before the trial, the day of said service being counted as one of the two days. This rule prescribes what the police commissioners considered as a reasonable notice under the statute. Such notice is essential to the authority of the police commissioners to try and punish any member of the police force upon charges preferred against him. People v. McClave, 123 N. Y. 512, 25 N. E. 1047. The rules thus made, having been made in pursuance of statutory authority, have themselves the force and effect of statutes, and all persons, the police commissioners included, are just as much bound by them as are the members of the police force who are to be tried. In re Moore, 108 N. Y. 280, 15 N. E. 369. According to that rule, the relator could not have been put upon his trial until he had two days' notice of the trial, accompanied with a copy of the charges and specifications. This he did not have. It is quite true that the charges and specifications were served upon him on the 9th day of August, accompanied by a notice that he would be tried on the 15th. He was entitled, therefore, to rely upon that notice, and to depend upon it that he would not be put upon his trial upon those charges until the day mentioned in that notice. If it was thought advisable by the police board to try him sooner, they might have done so, no doubt, by serving another no-

---

[1] Laws 1882, c. 410, § 250, as amended by Laws 1884, c. 180.

tice, with another copy of the specifications, prescribing an earlier day for the trial, if such notice was served two days before the time set in it on which the trial would proceed. But they had no authority, under their own rules, having once fixed the time for trial, to shorten the time fixed by the notice which they had already given. This is not a mere technical violation of the rights of the relator. The notice which he has is given for the purpose of enabling him to prepare for trial. He has the right to depend upon it that he will not be brought for trial until the time fixed in the valid notice which he receives. An arbitrary change of that time, without complying with the provisions of the rule, may work great injustice to the culprit. That is evident in this case. It appeared that, when he was suspended, knowing that he would be tried, he retained an attorney to defend him, who was instructed in the case. On the 13th, when he received the notice that an earlier day had been fixed for his trial, he sought to communicate with that attorney, but was unable to find him, and he was forced to proceed to trial without the assistance of his counsel, but with other counsel who was not at all acquainted with the case. Such an irregularity as this cannot be overlooked upon the ground that it is merely technical. In all cases where a man is accused of a serious crime, it is important that the rights which are guarantied to him should be respected, in the mode of investigation of the charges against him. These rules have been made because they were deemed necessary to the protection of the accused. A just regard for those rights requires that their observance should be insisted upon.

For the irregularity above stated, the proceedings must be annulled, and the relator restored, with $50 costs. All concur.