THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT A. JORDAN, Appellant, *v.* JAMES J. MARTIN et al., Commissioners, Composing the Board of Police of the Police Department of the City of New York, Respondents.

1. NEW YORK CITY — TRIALS IN POLICE DEPARTMENT — RULE AS TO SERVICE OF NOTICE. The rule of the police department of the city of New York, that when charges have been preferred against a member of the force, specifications, with a notice of the time and place of trial, shall be served upon the party charged, two days before the trial, having been prescribed by the board of police under the authority of a statute (Consolidation Act, L. 1882, ch. 410, §§ 250, 272), has the force of a statute to the extent that the authority conferred was complied with, and so long as it continues in force is as binding upon the members of the board as it is upon the members of the force.

2. COMPLIANCE WITH RULE ESSENTIAL TO JURISDICTION. Compliance with the rule of the department prescribing two days' notice of trial is essential to the jurisdiction of the police commissioners to try and remove a member of the force; and if a trial is had without the prescribed notice having been given or waived, the commissioners fail to pursue the authority conferred upon them in the mode required by law.

3. DATE OF SERVICE OF NOTICE OF TRIAL — RETURN TO CERTIORARI. Where the failure to give the two days' notice of trial prescribed by the rules of the police department is the gravamen of the petition for a writ of certiorari to review the action of the commissioners in removing the relator from the force, and the return states two dates of service, one, which would have been in time, being stated indefinitely, as, "on or about," and the other, which was not in time, being stated definitely in an admission of service made part of the return, the date definitely stated may be deemed controlling.

4. WAIVER OF NOTICE OF TRIAL. Where a member of the police force, against whom charges have been preferred, is put upon trial before a commissioner without having received the two days' notice of trial prescribed by the rules of the department, and, after the refusal of a request for adjournment, is asked whether he is guilty or not, and is thereupon sworn as a witness and answers that he is guilty, such answer is not to be deemed a waiver of notice of trial, so as to confer jurisdiction upon the commissioners to remove him, where his additional statements on the trial, and the subsequent proceedings had, show that such answer was not intended, regarded or accepted as a plea of guilty.

*People ex rel. Jordan* v. *Martin*, 10 App. Div. 625, reversed.

(Argued March 15, 1897; decided March 23, 1897.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 16, 1896, which affirmed, on certiorari, an order made by the respondents dismissing the relator from the police force of the police department of the city of New York.

On the 30th of August, 1894, the relator, who for seven years had been a patrolman of the police force of the city of New York, was charged " with conduct unbecoming an officer." The charge embraced the following specifications : *First*, that he " obtained leave of absence from 6 p. m. August 29, until 6 a. m. August 30, 1894, by falsely representing that he was to attend a funeral from Kings Bridge to Kingston, N. Y., on August 29, 1894." *Second*, that he " failed to report at the sixth precinct station house at the expiration of his leave of absence, the facts of his arrest at the 34th street ferry, charged with disorderly conduct, &c."

The relator was adjudged guilty of these charges by the board of police commissioners and dismissed from the force. In his petition for a writ of certiorari to review this determination, he alleged, among other things, that said charges were served upon him Sept. 6, 1894, at 5:45 p. m., with a notice requiring him to appear for trial the next day at 9:30 a. m., and that he was thereby deprived of the forty-eight hours' notice required by law and the rules of the police department; that he was compelled to perform police duty until midnight of Sept. 6th, yet his request for time to procure witnesses, who could have shown him to be innocent, was refused. The affidavits of some of the witnesses, tending to show that the first specification was without any foundation and explaining the second, were annexed to the petition.

The commissioners alleged in their return that " on or about the 31st day of August, 1894, a notice that the said charge had been preferred and of the time and place when the same would be publicly examined into, was duly served upon the relator and the service of the same duly admitted by him," a copy of the admission of service being annexed to and made a part of the return in the words following : " I

admit due personal service on me of copies of the above complaint, charges, specifications and notice of examination this 6th day of September, 1894." The return further showed that on September 7th, at half-past nine in the forenoon, which was the time specified in said notice, the relator appeared before one of the commissioners and the charge was read. Before anything else was done the relator said, " I would like to have this case adjourned. I was only notified last night of my trouble, and I have not had an opportunity of getting my witnesses." Without any response, the commissioner asked the following question : " Officer Jordan, are you guilty or not guilty ? " The relator said nothing until he was sworn as a witness, and he then appears to have answered the question previously put to him as follows : " I am guilty ; yes, sir." The commissioner thereupon called four witnesses whose testimony tended to sustain the charges preferred against the relator, who asked no questions and took no part in the trial, except to say that he would like to make a statement, and upon consent being given, he stated facts tending to show that he was not guilty of the first specification, nor of the disorderly conduct alleged in the second, although in response to questions put by the commissioner he admitted that he failed to report, at the expiration of his leave of absence, that he had been arrested for disorderly conduct.

About six weeks after the trial, and on the 19th of October, 1894, the board of police commissioners, by a majority vote, made an order reciting, among other things, that " the said charges having been duly brought to a hearing and duly tried, heard, publicly examined and investigated * * * and due deliberation thereon had * * * it is resolved, declared, ordered and adjudged that the said charges are true and that the said Albert A. Jordan be and he is hereby dismissed from the police force of the police department of the city of New York."

The Appellate Division affirmed the proceedings of the respondents, and the relator appealed to this court.

*John M. Tierney* for appellant.    The relator did not receive the two days' notice of hearing prescribed by the rules. (*People ex rel. Miller* v. *Wurster*, 149 N. Y. 549 ; *People ex rel. Devery* v. *Martin*, 13 Misc. Rep. 24.)    The respondents had no power to dismiss the relator without giving him two days' written notice of his trial on charges. (*People ex rel. McAleer* v. *French*, 119 N. Y. 505 ; *People ex rel. McKenna* v. *Martin*, 1 App. Div. 420 ; *People ex rel. Weston* v. *McClave*, 123 N. Y. 512 ; *In re Moore*, 108 N. Y. 280.) There was no waiver by the relator of his right to a proper trial. (*People ex rel. Weston* v. *McClave*, 123 N. Y. 517 ; *People ex rel. Devery* v. *Martin*, 13 Misc. Rep. 26 ; *People ex rel. McKenna* v. *Martin*, 1 App. Div. 421 ; *People ex rel. McAleer* v. *French*, 119 N. Y. 505 ; *People ex rel. O' Rau* v. *MacLean*, 44 N. Y. S. R. 916 ; *People ex rel Hogan* v. *French*, 119 N. Y. 493.)    The relator was substantially prejudiced by the irregularity complained of. (*People ex rel. Mayor, etc.,* v. *Nichols*, 79 N. Y. 588 ; *People ex rel. Lee* v. *Doolittle*, 44 Hun, 293 ; *People ex rel. Seery* v. *Police Commissioners*, 55 How. Pr. 454; *In re Cross*, 85 Hun, 358 ; *People ex rel. O' Rau* v. *MacLean*, 44 N. Y. S. R. 915.)

*Francis M. Scott* and *Terence Farley* for respondents.    The order appealed from is not reviewable in this court. (*People ex rel. Waldman* v. *Police Comrs.*, 82 N. Y. 508 ; *People ex rel. Haneman* v. *Tax Comrs.*, 85 N. Y. 655 ; *People ex rel. C. M. Ins. Co.* v. *Tax Comrs.*, 144 N. Y. 487.)    The respondents had jurisdiction, there was evidence legitimately tending to support their decision, no rule of law was violated to the prejudice of the relator, the judgment of the Appellate Division is final and conclusive, and this court is without power to entertain this appeal. (Code Civ. Pro. § 2140 ; *People ex rel. Hart* v. *Fire Comrs.*, 82 N. Y. 360 ; *People ex rel. Haines* v. *Smith*, 45 N. Y. 772 ; *People ex rel. Folk* v. *Bd. of Police & Excise*, 69 N. Y. 411 ; *People ex rel. Murphy* v. *French*, 92 N. Y. 310 ; *People ex rel. McCabe* v. *Fire Comrs.*, 106 N. Y. 257 ; *People ex rel. Coyle* v. *Martin*,

142 N. Y. 352.)   The petition is radically defective, in that it does not contain the jurisdictional allegation that the adjudication which is sought to be reviewed finally determines the rights of the parties with respect to the matter sought to be reviewed.   (Code Civ. Pro. §§ 2122, 2127.)   The record, as returned by the respondents, imports absolute verity; and must be taken as conclusive, and, for the purpose of contradicting the return, matters not contained therein will not be considered.   (*People* v. *Powers*, 19 Abb. Pr. 99 ; *People ex rel. Gage* v. *Lohnas*, 54 Hun, 604 ; *People ex rel. Sims* v. *Fire Comrs.*, 73 N. Y. 437 ; *People ex rel. Cummings* v. *Koch*, 2 N. Y. S. R. 110 ; *People ex rel. Killilea* v. *Roosevelt*, 7 App. Div. 308 ; *People ex rel. Press Pub. Co.* v. *Martin*, 142 N. Y. 228 ; *People ex rel. Miller* v. *Wurster*, 149 N. Y. 554.) A plea of guilty cures all formal defects, even in an indictment, and is equivalent to a conviction as upon a verdict of guilty.   (*Commonwealth* v. *Hinds*, 101 Mass. 210 ; *Caspar* v. *State*, 27 Ohio St. 572 ; *State* v. *Knowles*, 34 Kans. 393 ; *People* v. *Carter*, 88 Hun, 304 ; 4 Black. Com. 329 ; 1 Chitty on Crim. Law, 429 ; *Crow* v. *State*, 6 Tex. 334 ; 1 Bishop Crim. Pro. 795 ; *People ex rel. Evans* v. *McEwen*, 67 How. Pr. 105 ; *People* v. *Luby*, 57 N. W. Rep. 1092 ; *Green* v. *Comm.*, 12 Allen, 155 ; *Comm.* v. *Horton*, 9 Pick. 206 ; *Reg.* v. *Tell*, 9 C. & P. 346, 348 ; *State* v. *Buck*, 13 N. W. Rep. 342 ; *Mastromadu* v. *State*, 60 Miss. 86.)   The relator's motion for an adjournment was addressed to the discretion of the board; and there is no evidence in the records that it was abused. (*People* v. *Vermilyea*, 7 Cow. 369 ; *People ex rel. Linehan* v. *Martin*, 89 Hun, 373 ; *People ex rel. Doherty* v. *Police Comrs.*, 84 Hun, 64 ; *People ex rel. Devery* v. *Martin*, 13 Misc. Rep. 21 ; *People ex rel. Glennon* v. *Martin*, 13 Misc. Rep. 9.)   In reviewing the determination of the respondents the courts will not ordinarily go further in the case than to examine whether the evidence presented against the accused is sufficient, upon the whole, taking everything into consideration, to warrant the conclusion reached by the board. (*People ex rel. Morgan* v. *Roosevelt*, 5 App. Div. 328 ; *People*

*ex rel. Lang* v. *Martin*, 5 App. Div. 217.) The defective notice was at most a mere irregularity and did not deprive the respondents of jurisdiction to act. (Wade on Notice, § 1160; Brown on Jurisdiction, § 41; Alderson on Judicial Writs & Process, §§ 14, 15.) The interests of the service required that a wide discretion should be vested in the commissioners in determining what conduct is unbecoming an officer, and their judgment on this point, unless there is a total absence of evidence to sustain it, ought not to be disturbed. (*People ex rel. Hart* v. *Fire Comrs.*, 82 N. Y. 358; *People ex rel. Masterson* v. *French*, 110 N. Y. 494.)

VANN, J. The government of the police department of the city of New York is confided by law to a board of police, consisting of four commissioners, who are empowered to make "rules and regulations of general discipline of the subordinates under their control, but in strict conformity to the provisions of" the Consolidation Act. (L. 1882, ch. 410, §§ 37 and 250.) "Members of the police force" are "removable only after written charges * * * have been preferred against them, and after the charges have been publicly examined into, upon such reasonable notice to the person charged, and in such manner of examination as the rules and regulations of the board of police may prescribe." (Id. § 272.) Pursuant to this authority the board of police prescribed, by rule number 189, that "when written charges shall be preferred against any member of the police force, they shall be filed with the chief clerk; whereupon specifications of the charges, with a notice of the time and place of trial, shall be served upon the party charged, *two days before the trial*, the days of such service being counted as one of the two days. Any member may admit the same in writing on a copy of the papers served, but no statement in explanation or mitigation of punishment shall be made on the papers." As this rule was made under the authority of a statute, it has the force of a statute to the extent that the authority conferred was complied with, and was as binding upon the members of the police board as it was

1897.]     People ex rel. Jordan *v.* Martin.     **317**

N. Y. Rep.]     Opinion of the Court, per Vann, J.

upon the members of the police force. (*Matter of Moore*, 108 N. Y. 280 ; *People ex rel. McKenna* v. *Martin*, 1 App. Div. 420, 422.) It prescribed what the commissioners regarded as a reasonable notice under the statute, and, as long as it continued in force, it could not be departed from by them without the consent of the officer against whom charges had been preferred. Compliance with the rule was essential to the jurisdiction of the police commissioners to try the relator and punish him. He was entitled to the prescribed notice in order to consult counsel, decide how to plead, subpœna witnesses and prepare for trial. He had a right to insist upon the full time, and unless it was given him, or he waived his right thereto, the commissioners failed to pursue the authority conferred upon them in the mode required by law. (Code Civ. Pro. § 2140.)

While it is stated in the return that notice was served on the relator " on or *about* the 31st day of August, 1894," which would have been in time, the admission of service, which is made a part of the return, shows that service was not made until September 6, 1894, which was not in time. As the first date is loose and uncertain, while the second is precise and definite, we think that, in view of the specific allegations of the petition upon the subject, the date of the admission should control. The failure to give the notice required by the rules is the gravamen of the petition for the writ, and the attention of the commissioners was specifically called to that point as the one chiefly relied upon to reverse their determination. Therefore, when they return two dates, one of which is indefinite, while the other is exact, a reasonable construction of the return, in order to ascertain their meaning, requires us to assume that they meant the latter. This conclusion is confirmed by the proceedings upon the trial for, as soon as the charge was read, the relator asked for an adjournment, and stated that he was not notified of the charge until the night before, to which no response appears to have been made. As the precise time was known to be essential, if the commissioners wished to return August 31st as the date of

service, they should have said so definitely, without the use of a vague and elusive word like "about." Since the relator did not have such notice as the rules require, the only question remaining is whether he waived his right thereto by pleading guilty. The circumstances attending the entry of this alleged plea were peculiar. After he made his application for an adjournment, which was disregarded, he was asked by the commissioner in charge of the trial whether he was "guilty or not guilty." Before he answered this question he was sworn, apparently as a witness against himself, and he then replied that he was guilty, although, when permitted to make a statement, he declared, in substance, that he was not guilty of any part of the charge except the failure to report. If the time to which he was entitled under the rules to consult with counsel and decide what course to adopt had been given him, it does not follow that he would have answered the question of the commissioner as he did. Ignorant of his rights, without counsel or witnesses, he stood before his superior officer and judge virtually helpless and mute, because he had not been given the time and opportunity to defend that the law prescribes both for the guilty and the innocent. If he had refused to answer, it might have been treated as "an act of * * * disrespect toward a superior officer," warranting his dismissal from the force under rule 193, and if he answered at all, as he had been sworn, he was obliged to tell the truth. The commissioner, however, had no right to put him on trial at that time, because due notice had not been given. Hence there was no right to require him to be sworn or to answer any question after he was sworn, as that was a part of the trial. If there was no power to then investigate the charges, there was no power to compel him to say, under oath, whether he was guilty or not. Under these circumstances, the relator cannot fairly be held to have intended a waiver of his rights. We do not regard his answer, thus given, as a plea of guilty, because it was not given until after he had been sworn, when it became a matter of compulsion. His request for an adjournment in order to get

witnesses shows that he did not intend to plead guilty. It was not a voluntary confession of guilt, understandingly made and intended to have the effect that is ordinarily given to a plea of guilty. The commissioner apparently was of this opinion himself, for he proceeded with the trial, swore and examined several witnesses and gave the relator an opportunity to cross-examine, which was declined. During the trial he asked the relator several questions, and among them were the following, together with the answers thereto, viz.: "Q. Is it true, Officer Jordan, that you falsely represented that you were going to attend a funeral from Kings Bridge to Kingston, and obtained leave of absence on that ground? A. I obtained leave of absence to attend a funeral in Kingston, which I have on two other occasions where the rest of the family is buried. I didn't know anything about the change of the burial place until I got home Wednesday morning. Q. Is it true that you failed to report at the expiration of your leave of absence that you had been arrested for disorderly conduct? A. Yes. Q. That is true? A. Yes." It is now said that the entire investigation was simply to aid the police board in fixing the punishment, but it does not so appear from the return, which states in substance that "the said charges" were "duly brought to a hearing and duly tried, heard," etc.; that "the proofs and allegations in relation to said charges" were "duly taken and recorded * * * and due deliberation thereon had," whereupon it was "ordered and adjudged that the said charges are true," and that the relator should be dismissed. This shows that the commissioner neither regarded nor accepted the relator's answer to the question put as a plea of guilty. When the full board considered the case they did not convict the relator upon any such plea, but upon "the proofs and allegations." Neither the return proper, nor the order of conviction which is made a part thereof, states that the relator was convicted upon a plea of guilty, but on the contrary the theory of procedure as interpreted by the commissioners themselves is that he was convicted after a regular trial and due consideration of the evidence taken.

We think that there was no waiver, and that the relator was tried and convicted in disregard of the rules made for his protection.

It follows that the order of the Appellate Division should be reversed, the proceedings of the police board annulled and the relator reinstated, with costs.

ANDREWS, Ch. J., O'BRIEN and BARTLETT, JJ., concur; GRAY, HAIGHT and MARTIN, JJ., dissent.

Order reversed.