PEOPLE ex rel. McCARTHY v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICE DEPARTMENT—TRIAL OF CHARGES
   —NOTICE.
   Under a rule of the police department requiring that notice of trial of charges against a policeman shall be served not less than 48 hours before trial, and containing an exception that shorter notice may be given to take the testimony of nonresident witnesses, taking testimony of resident witnesses in a short-notice trial and refusing an adjournment after

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hearing the testimony of the nonresident witnesses is fatal to the proceedings.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 498; Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 185*)—POLICE DEPARTMENT—TRIAL OF CHARGES—NOTICE.

That in such case the defendant was thereafter granted an adjournment and permission given him to introduce any testimony he might desire did not validate the proceedings.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 498; Dec. Dig. § 185.*]

Certiorari by the People, on the relation of Charles J. McCarthy,. against Theodore A. Bingham, Police Commissioner, to review the decision of the defendant fining relator. Determination annulled, and fine remitted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,. HOUGHTON, and SCOTT, JJ.

Grant & Rouse, for relator.
Theodore Connoly, for defendant.

PER CURIAM. Relator was a policeman of the city of New York,. and charges were preferred against him which were served only 36 hours before the time of hearing. Rule 36g of the police department requires that notice of trial shall be served not less than 48 hours before the hour of trial, exclusive of Sundays, legal holidays, and half-holidays. The defendant when arraigned for trial asked for an adjournment, which was denied.

Failure to give the prescribed notice is fatal to the proceeding. People ex rel. Jordan v. Martin, 152 N. Y. 311, 46 N. E. 484; People ex rel. Clancey v. Bingham, 123 App. Div. 226, 107 N. Y. Supp. 1063. There is an exception prescribed by this same rule, and shorter notice may be given where witnesses reside out of the state, or are remote from the place of trial, or, by reason of sickness or other pressing cause,. cannot attend at a later day without great personal detriment or inconvenience. But only the testimony of such witnesses may be taken. on such shorter notice.

In the present case not only was the testimony of the two nonresident witnesses taken, but the trial was continued by taking the testimony of resident witnesses without showing that it was necessary to take their evidence within such shorter time. In effect therefore the trial was had on insufficient notice, and it does not help the defendant that thereafter the relator was granted an adjournment and an opportunity to present such evidence as he might desire. His rights had been fatally violated, and what thereafter transpired did not cure the violation.

The determination of the defendant must be annulled, and the relator's fine remitted, with $10 costs and disbursements.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.