In the Matter of the Application of CHARLES W. TICKNOR and Another, Respondents, for a Certiorari Order against HARRY POTTER, as Supervisor, WILLIAM J. CONNOLLY and Another, as Councilmen, Constituting the Town Board of the Town of New Castle, County of Westchester and State of New York, Appellants.— Order amending petition and denying the motions of the town board to quash the certiorari order affirmed, with ten dollars costs and disbursements, and leave given petitioners to amend their petition if so advised within ten days from the entry of the order herein. The members of the town board are given ten days after the service of an amended petition to file and serve their return; or if the petition is not amended, then twenty days after the entry of the order herein. On this motion to dismiss before making a return, the facts stated in the petition together with the inferences to be drawn therefrom will be viewed in their most favorable light. If it be desired to have a full and complete review of the questions, the present petition even as amended is inadequate. No dates are given in respect to the services the petitioners claim to have rendered under the original contract or as subsequently modified or continued under a new agreement as petitioners assert. The date should be given when the work was begun in each case and the date when each was completed. The length of the period should be stated during which the petitioners rendered services under the original agreement and the payments made thereon in detail, and the date and the circumstances under which the new contract was made and whether petitioners have received any compensation for the services rendered during the period they claim it was operative, on the basis of either the alleged first or second agreement. Such amendments would sharply define the issues the town board must meet in their return and assist the court in arriving at a just determination. To that end this court grants leave to serve an amended petition in the respects suggested, such amended petition to be served and filed within ten days from the entry of the order herein, if petitioners are so advised. Lazansky, P. J., Tompkins and Davis, JJ., concur; Scudder and Johnston, JJ., dissent and vote to reverse, with the following memorandum: The petition alleges that on March 24, 1928, the town board authorized the supervisor to employ petitioners to foreclose tax liens for the town of New Castle and that on February 9, 1929, the town board passed a resolution employing petitioners to foreclose all tax liens and to use every effort to have same completed before January 1, 1930. It is further alleged that " some time in the years 1928 and 1929, pursuant to one or both of said resolutions," the then supervisor entered into an agreement by which petitioners were retained to foreclose the tax liens and were to receive as compensation " the amount of such taxable costs as might thereafter be allowed." Thereafter petitioners rendered services in the foreclosure of the tax liens. The validity of the agreement by which petitioners were to receive the taxable costs is not questioned. Petitioners, however, do not rely upon that agreement but upon an alleged agreement — admitted to be oral — made in the fall of 1929 by the individual members of the town board, whereby petitioners were to receive as compensation the reasonable value of their services. As the town is capable of acting only through its town board at a regular meeting, the agreement relied upon cannot bind the town, and petitioners' claim based thereon was properly rejected. (*Matter of Amity Holding Corporation v. Eden*, 238 App. Div. 628.) The petition

on its face is insufficient and the certiorari order should not have been granted and the proceeding should have been dismissed.  (*Matter of Reed* v. *Bd. of Standards & Appeals*, 255 N. Y. 126.)