In the Matter of the Application of JAMES J. O'BRIEN, Petitioner, Respondent, for an Order to Compel Performance of a Duty Specifically Enjoined by Law by JOHN H. DELANEY and Others, Constituting the Board of Transportation, Defendants, Impleaded with PAUL J. KERN and Others, Constituting the Municipal Civil Service Commission of the City of NewYork, Appellants.

First Department, November 18, 1938.

*Samuel J. Silverman* of counsel [*William C. Chanler, Corporation Counsel*], for the appellants.

*J. M. Lonergan* of counsel [*Bogart & Lonergan*, attorneys], for the respondent.

UNTERMYER, J. The petitioner, an employee of the board of transportation, was employed from 1933 until April 12, 1937, as station agent, a position in the administrative division of the board. In February, 1937, he filed application to take the promotion examination for the position of assistant station supervisor, the next higher position in the administrative division.

In 1936 the petitioner had made application for the position of assistant dispatcher, which is not in the administrative but in the operating division of the board of transportation. On April 12, 1937, before the examination for the position of assistant station supervisor had been held, he received appointment as assistant dispatcher. Nevertheless, he took the examination for assistant station supervisor on May 5, 1937, and passed. He was thereafter certified to the board of transportation by the municipal civil service commission for appointment to that position, apparently in ignorance of the fact that after filing application to take the examination the petitioner had been appointed assistant dispatcher. By rule V, section X (¶¶ 2 and 4) of the Rules of the Municipal Civil Service Commission it is provided:

" 2. The Commission may limit eligibility in examinations for promotion to persons employed in a certain bureau or other subdivision of a department, office or institution. The bureau or other subdivision of a department, within the meaning of this paragraph, shall be an entirely separate subdivision of the department, recognized as such by resolution of the Commission. * * *

" 4. Eligibility for promotion shall be limited to persons who have served in the next lower grade or rank for not less than six consecutive months immediately preceding the examination in the department, or office or institution for which the examination is held."

In spite of these rules, and after the facts had become known to the commission, it declared the petitioner to be eligible for promotion to the position of assistant station supervisor. On May 11, 1938, however, the commission rescinded its action and held the petitioner to be ineligible. Thereupon this proceeding was commenced under article 78 of the Civil Practice Act, resulting in the order appealed from, which directs the commission to certify the petitioner as eligible for promotion as assistant station supervisor.

The appeal of the commission must be sustained. Under its rules, which " have the force and effect of law " (Civil Service Law, § 6, subd. 1), the petitioner was not eligible to take the examination for the position of assistant station supervisor for at that time he had relinquished service " in the next lower grade or rank " (Rule V, § X, ¶ 4). It is manifest that he could not benefit by passing an examination for which he was not eligible. True it is that the commission for a brief period assumed to recognize his eligibility for promotion as the result of the examination. But on further consideration it corrected the error and declared the petitioner not to be eligible. This was in exact accord with its own rules which bind the commission as they do others. (*People ex rel. Jordan* v. *Martin*, 152 N. Y. 311.) The commission could not suspend the operation of a general rule in favor of the petitioner. Since the final action taken was proper and within the power of the commission (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252), it should not be disturbed by the court.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.