In the Matter of VINCENT G. CALFAPIETRA, Appellant, against PATRICK WALSH, as Commissioner of the Fire Department of the City of New York, et al., Respondents.

COHN, J. (dissenting). The rule for violation of which petitioner has been dismissed from the Fire Department commands that "Members shall not: * * * 3. Engage in another business or employment." (Rules and Regulations for the Uniformed Force of Fire Department of City of New York, § 224, subd. 3.) The purported power to make such a rule is based upon subdivision a of section 885 of the New York City Charter (1938), which reads as follows: "a. Each head of an agency may, except as otherwise provided by law, make rules and regulations for the conduct of his office or department and to carry out its powers and duties." The adoption by the head of the Fire Department of the regulation challenged exceeds the jurisdiction conferred upon the heads of departments by the quoted section of the Charter. The Court of Appeals so held with respect to the authority of the Department of Welfare to adopt a similar regulation for the civil service employees of that Department in the case of *Matter of Natilson v. Hodson* (289 N. Y. 842, 843).

Petitioner here was not dismissed because of any claim that his duties as a fireman had been hampered or adversely affected by his outside employment nor is there any charge that he was not available for emergency duty at all hours of the day or night. His dismissal rests solely upon the ground that he violated the rule which prohibited outside employment. The Fire Commissioner was not authorized to adopt such a rule without legislative sanction. The Legislature has not conferred such authority upon the Commissioner of the Fire Department. In other instances the Legislature has considered this question of dual employment but it has limited the restriction to a ban against additional public employment. Thus, no member of the uniformed force of the Fire Department may accept "any additional place of public trust or civil emolument" nor may he "be nominated for any office elective by the people". (New York City Charter [1938], § 493.)

The order should be reversed and the relief prayed for in the petition should be granted.

Martin, P. J., Townley and Callahan, JJ., concur in decision; Cohn, J., dissents in opinion in which Glennon, J., concurs.

Order affirmed, with $20 costs and disbursements. No opinion. [183 Misc. 6.]