M. Henry Martuscello, J.
In this article 78 (Civ. Prac. Act) proceeding against members constituting the Board of Examiners of the Board of Education of the City of New York petitioner seeks an order setting aside respondents’ determination that she was ineligible by reason of age when she took an examination in November, 1957 for regular license as a laboratory assistant in day high schools, and directing respondents to certify that she passed said examination and is eligible for appointment- and to grant her a license as such laboratory assistant.
The undisputed facts giving rise to this proceeding are as follows: Respondents published an announcement that an examination would be held for license as laboratory assistant in day high schools and that the first day for filing applications therefor was June 10, 1957. The printed announcement, as well as a copy of the General Regulations Governing Examinations annexed thereto, contained specific requirements, among them being an age requirement to the effect that the maximum age of “ applicants must not have reached the age of 46 years before June 10,1957 (See Gen. Reg. 10) ” which date, as stated above, was the first day fixed for the receipt of applications. If, however, an applicant had rendered service as a substitute in the public day schools of this city within 10 years preceding the first day fixed for the receipt of applications, the maximum age limit would be increased to a maximum of 50 years by adding thereto the number of years of substituted service rendered within said 10-year period (Gen. Reg., par. 10, subd. [d]).
Petitioner was over 47 years of age on June 10, 1957 and she concedes that she had knowledge of the maximum age requirements. She took the examination, passed it, and thereafter was notified in writing by the respondents on September *666 30, 1958, that it was determined that she was “ considered ineligible with respect to age ” and by reason thereof was later advised by one of the respondents that no license would be issued to her.
The primary issue presented here is that of eligibility. The moving papers indicate petitioner’s own skepticism as to her eligibility. In her petition she states “On ‘ the first day fixed for the receipt of applications ’ in June 1957, petitioner was 47 years of age * * # , and, at that time, in all good faith, felt she would be given credit for at least 320 days of previous service, required under the General Regulations * * * .” Having served as a substitute from 1934 to 1939 and thereafter from December, 1956 to 1958 petitioner was fully aware of her service deficiency in failing to meet the requirements of the General Regulations Governing Examinations (par. 10, subds, [b] and [d]), in that she could not establish such service for a continuous period of 10 years preceding the first day fixed for the receipt of applications, to wit, June 10, 1957. Her contention that credit should be given for service ‘ ‘ regardless of when served, within her lifetime and not merely ten (10) years ” is without merit. By her own admission, she is short 81 days in order to fulfill the requirements as promulgated for all applicants in this competitive examination. In her petition there appears an admission that she was laboring under a “mistaken” theory as to the service-day credits she would receive. If, as appears evident, petitioner had her doubts as to the fulfillment of the eligibility-as-to-age requirements, she also failed to avail herself of the opportunity afforded all applicants, pursuant to General Regulation 13, to check, in advance of the examination, as to what courses and experience may meet such requirements (see, also, Gen. Reg. 43, 44 and 45).
Being vested with authority therefor, respondents adopted and promulgated, among other things, the age limit and regulations pertaining thereto pursuant to the by-laws of the Board of Education. It is respondents’ contention, which finds support in the papers, that petitioner, with knowledge of her ineligibility, made application for the examination, passed same, and, upon respondents’ refusal to certify her, she should not now be heard to complain, since she was ineligible ab initio. The rule applicable here was succinctly stated in Matter of O’Brien v. Delaney (255 App. Div. 385, 387, affd. 280 N. Y. 697), where the court stated: “It is manifest that he could not benefit by passing an examination for which he was not eligible. True it is that the commission for a brief period assumed to recognize his eligibility for promotion as the result of the examination, *667 But on further consideration it corrected the error and declared the petitioner not to be eligible. This was in exact accord with its own rules which bind the commission as they do others. (People ex tel. Jordon v. Martin, 152 N. Y. 311.) The commission could not suspend the operation of a general rule in favor of the petitioner. Since the final action taken was proper and within the power of the commission (People ex rel. Finnegan v. McBride, 226 N. Y. 252), it should not be disturbed by the court.”
Petitioner places strong reliance on section 3027 of the State Education Law titled ‘ ‘ Discrimination based on age prohibited ”: “ Notwithstanding any provision of law to the contrary, no board of education in any city * * ® in this state shall hereafter prohibit, prevent, disqualify or discriminate against any person who is physically and mentally qualified from competing, participating, or registering for an examination for or from qualifying for, a position as teacher, or be penalized in a final rating by reason of his or her age. Any such rule, requirement, resolution, regulation or penalization of such board shall be void. ’ ’ (Added by L. 1958, ch. 902, eff. April 22, 1958; emphasis supplied.)
The employment of the word ‘‘ hereafter ’ ’ in the statute above quoted clearly indicates the legislative intent not to give said statute any retroactive effect; and same is therefore found to be inapplicable here.
The action taken by the board was proper and within its power and will not be disturbed. Petition dismissed. Submit order.