In the Matter of JOHN J. LAWSON, Petitioner, *v.* ARTHUR CORNELIUS, JR., as Superintendent of the New York State Police, Respondent.

Supreme Court, Special Term, Albany County, September 6, 1962.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair* and *William C. Robbins* of counsel), for respondent. *Henry Hirschberg* and *Lloyd L. Rosenthal* for petitioner.

LAWRENCE H. COOKE, J. In this proceeding instituted under article 78 of the Civil Practice Act, petitioner, a member of the New York State Police, applies for an order restoring him " to the rank of Captain in the New York State Police as enjoyed by him on and prior to July 17, 1962 ". On the return day of the order to show cause, respondent did not answer but filed a notice of objections in point of law and moved for an order dismissing the petition pursuant to section 1293 of the Civil Practice Act on the ground that it does not state facts sufficient to entitle petitioner to the relief requested. Here, we are concerned with said motion to dismiss the petition.

In substance and among other things, it is alleged in the petition: that respondent is the Superintendent of the New York

State Police; that the purpose of this proceeding is to review an order made by respondent on July 17, 1962 relieving petitioner of his position as Troop Commander of Troop K effective on that day but continuing him in that status through August 2, 1962 and reassigning him to a permanent rank of Lieutenant and to report to the Troop Commander at Troop A, Batavia, effective as of August 3, 1962; that on or about July 20, 1962 an attorney for petitioner, with petitioner's direction and consent, addressed a demand to respondent for a hearing in connection with said action of respondent concerning petitioner; that on or about July 25, 1962 respondent denied a hearing in connection with said demotion and listed 15 items of charges against petitioner; that petitioner enlisted in the New York State Police as a Trooper in 1929 and has been actively connected with same since that time, having advanced through the ranks to Corporal, Sergeant, First Sergeant, Provisional Lieutenant, Permanent Lieutenant, Investigator, Staff Inspector, and on November 16, 1955 was promoted to the position of Captain and placed in command of Troop K and has occupied and retained said rank of Captain ever since and up to the time of said demotion; that petitioner is innocent and not guilty with reference to each and every one of the 15 charges listed in the Superintendent's letter and is entitled to a hearing on said charges with the right to produce testimony before he can be demoted legally from his rank of Captain to a lesser rank in the New York State Police; and that the said action taken by respondent against petitioner on July 17, 1962 and the denial of a hearing is illegal. Copies of the communications from respondent and one of petitioner's attorneys are annexed to the petition.

We must approach the determination of the motion made by respondent herein with certain legal principles in mind. On a motion to dismiss the petition in a proceeding instituted under said article 78, only the petition may be considered (*Matter of Ciminera* v. *Sahm,* 4 A D 2d 749, affd. 4 N Y 2d 400; *Matter of Berlingieri* v. *O'Connell,* 3 A D 2d 762) and the petition should be construed liberally (*Matter of McDonald* v. *Colden,* 181 Misc. 407, affd. 267 App. Div. 881, affd. 294 N. Y. 172). Where, as here, an objection is raised in point of law pursuant to section 1293 of the Civil Practice Act, the allegations of the petition must be assumed to be true and must be considered in their most favorable light in support of the petition (*Matter of Schwab* v. *McElligott,* 282 N. Y. 182, 185–186; *Matter of Hassett* v. *Barnes,* 11 A D 2d 1089; *Matter of Friedman* v. *Roseth Corp.,* 271 App. Div. 870; *Matter of Ticknor* v. *Potter,* 246 App. Div. 556). Of course, mere conclusory allegations are not included among the

facts admitted (*Matter of Powers* v. *Taylor,* 207 Misc. 465, 467, affd. 286 App. Div. 575) but, if the petition states any facts upon which the petitioner is entitled prima facie to the requested relief, then it may not be dismissed as being legally insufficient (*Matter of Grimm* v. *City of Buffalo,* 8 A D 2d 689; *Matter of Felice* v. *Swezey,* 278 App. Div. 958).

Respondent contends that the position of Captain in the New York State Police is properly noncompetitive and, there being no showing that he was an honorably discharged member of the armed forces of the United States, having served therein as such member in time of war as defined in section 85 of the Civil Service Law, or an exempt volunteer fireman, as defined in the General Municipal Law, petitioner may be demoted without the hearing granted to lower ranks under section 75 of the Civil Service Law. Petitioner, even though apparently appointed as a Captain in 1955 on a noncompetitive basis, urges that the position or rank is competitive. Although respondent has advanced substantial arguments in support of his contention in this regard, this point need not be passed upon at this time.

Subdivision 2 of section 215 of the Executive Law provides: " The superintendent shall make rules and regulations subject to approval by the governor for the discipline and control of the New York state police ". It is well recognized that the Legislature may, by statutory authority, confer upon a subordinate public board or agency the power to adopt rules and regulations reasonably adapted to carry out the purposes or objects for which it was created and reasonable rules when duly adopted pursuant to such authority have the force and effect of law (*Darweger* v. *Staats,* 267 N. Y. 290, 306; *Cherubino* v. *Meenan,* 253 N. Y. 462, 463, 466; *People ex rel. Jordan* v. *Martin,* 152 N. Y. 311, 316–317; *People* v. *Malmud,* 4 A D 2d 86, 91–92; *Wirtz* v. *Lobello,* 1 A D 2d 416, 418; *Matter of Calfapietra* v. *Walsh,* 183 Misc. 6, 7, affd. 269 App. Div. 734, affd. 294 N. Y. 867; *Ivory* v. *Edwards,* 278 App. Div. 359, affd. 304 N. Y. 949).

Here, it appears that article 8 of the " Regulations of New York State Police ", which article is entitled " Conduct and Activities of Members ", was issued by the Superintendent of State Police on February 16, 1962 and approved by the Governor on March 5, 1962. Section 8.41 thereof reads as follows: " *A member of the Division* who shall in the performance of his official duties display inaptitude, inadaptability, reluctance to perform properly his assigned duties, or who at any time acts in a manner tending to bring discredit on the Division or fails to assume responsibility or exercise diligence, intelligence and

zealousness in the pursuit of his duties or engages in misconduct or neglects his duty may, *after a hearing,* be deemed incompetent and shall be subject to suspension and/or reduction in rank and/or dismissal from the Division. Neglect of duty or misconduct is prohibited and shall be reported to the Superintendent by any member cognizant thereof." (Emphasis supplied.) This regulation is practically the same as that in section 8.38 of the New York State Troopers Rules and Regulations issued on April 9, 1945 by the Superintendent and approved by the Governor on April 9, 1945 and as issued on June 2, 1958 and approved on June 12, 1958. The inclusiveness of the words "A member of the Division" is noted, as is the condition precedent of "after a hearing" in regard to suspension, reduction in rank or dismissal of such a member who displays inaptitude, inadaptability, reluctance to perform properly his assigned duties or who at any time acts in a manner tending to bring discredit on the Division or fails to assume responsibility or exercise diligence, intelligence and zealousness in the pursuit of his duties or engages in misconduct or neglects his duty.

It is well settled that an administrative agency is bound by its own rules which have the full force and effect of law (*People ex rel. Doscher* v. *Sisson,* 222 N. Y. 387, 394; *Matter of Poss* v. *Kern,* 263 App. Div. 320, 323–324; *Matter of Jacoby* v. *McNamara,* 83 N. Y. S. 2d 763, affd. 275 App. Div. 695; *Matter of Sobel* v. *Bogen,* 21 Misc 2d 664, 666–667; *Matter of Stanton* v. *Municipal Civ. Serv. Comm.,* 189 Misc. 782, 783–784). In *Matter of Lake Placid Club* v. *Abrams* (6 A D 2d 469, affd. 6 N Y 2d 857) the Appellate Division stated (p. 472): "Generally speaking rules of administrative agencies which regulate procedure affecting substantial rights of individuals may not be waived (*People ex rel. Jordan* v. *Martin,* 152 N. Y. 311; *Matter of O'Brien* v. *Delaney,* 255 App. Div. 385, affd. 280 N. Y. 697; *Matter of Jordan* v. *Wiener,* 259 App. Div. 1068; *Service* v. *Dulles,* 354 U. S. 363)." Substantial rights are involved here viewed from the standpoint of the salary differential between that of a Captain and Lieutenant alone (Executive Law, § 215).

The case of *People ex rel. Jordan* v. *Martin* (*supra*) is significant. The Board of Police of New York City was empowered by statute to make rules and regulations of general discipline and members of the police force were removable only upon such reasonable notice to the person charged as the rules and regulations of said Board of Police may prescribe. The board adopted a rule providing for notice of "two days before the rial". The Court of Appeals held that relator did not have such notice as

the rules required, annulled the proceedings of the Police Board and declared (pp. 316–317) : " As this rule was made under the authority of a statute, it has the force of a statute to the extent that the authority conferred was complied with, and was as binding upon the members of the police board as it was upon the members of the police force. (*Matter of Moore,* 108 N. Y. 280; *People ex rel. McKenna* v. *Martin,* 1 App. Div. 420, 422.) It prescribed what the commissioners regarded as a reasonable notice under the statute, and, as long as it continued in force, it could not be departed from by them without the consent of the officer against whom charges had been preferred. Compliance with the rule was essential to the jurisdiction of the police commissioners to try the relator and punish him." There, relator did not have notice as prescribed by the Rules of the Police Board; here, it is alleged in the petition in question that petitioner did not have a hearing as prescribed by the regulations of the Superintendent. (See, also, *People ex rel. Clancy* v. *Bingham,* 123 App. Div. 226.)

In the reply brief of respondent it is claimed that the regulation under section 8.41 does not give petitioner the right to a hearing, that it is authority for the Superintendent to act if he wishes to have a member of the Division held incompetent, that in this case the Superintendent is concerned with a problem of internal administration and that he does not intend to subject petitioner to disciplinary action but only to return him to his permanent rank in order to improve the administrative organization of the Division. Suffice it to say, at this time, that these are matters not established in the petition and that on this application to dismiss the petition we must look to the allegations of said attacked pleading. The alleged copy of respondent's letter of July 25, 1962 to petitioner's attorney, annexed to the petition states, among other things: " My decision to remove Captain Lawson was predicated on certain administrative delinquencies which clearly reflected Captain Lawson's inability to function as a Troop Commander." Viewing this statement, the itemization of said " delinquencies " and other allegations of the petition in their most favorable light in support of the petition (see cases previously cited on this point), the gravamen of the petition is brought within the confines of said regulation designated as section 8.41.

It should be kept in mind that on this application to dismiss the petition on the ground that it does not state facts sufficient to entitle petitioner to the relief requested, and where respondent as yet has not filed his answer, the court is not determining the

merits of the controversy one way or another. Accepting the allegations of the petition as true, which must be done on this type of application under the law as previously cited, the motion to dismiss is denied. Submit order containing provision for leave to respondent to serve an answer within 20 days after service of a copy of the order to be entered herein with notice of entry.