## (December 8, 1965)

■ DON J. WICKHAM, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v. JERRY LEVINE, Appellant.— *Per Curiam.* Appeal from a judgment of the Supreme Court which enjoined defendant (1) from selling or offering for sale, other than by net weight, certain designated food products, with certain exceptions not pertinent to this decision, and (2) from selling or offering for sale the food products so designated, when packaged or wrapped for sale by defendant in advance of sale, unless an accurate computing scale should be maintained so as to be easily available to customers; the injunction being intended to enforce compliance with subdivisions 3 and 5 of section 193 of the Agriculture and Markets Law. The factual and legal issues are well outlined in the opinion at Special Term. (47 Misc 2d 1.) The food products now in question, following the Commissioner's failure to appeal from the portions of the determination adverse to him, are chicken and pork. It was stipulated that pieces of chicken with a prepared batter added are cooked in defendant's shops, upon order, and that

partially precooked loin ribs are likewise, upon order, cooked, and that each product thus ordered is then delivered, in a container, to the customer, at his home or at the shop, for off-premises consumption. These products are within the definition of "food" and "food products" under subdivision 1 of section 193, and, under subdivision 3 of that section and the Commissioner's proper rule implementing it (1 NYCRR 221.9 [c]), when "offered for sale at retail and not in containers shall be sold or offered for sale by net weight, standard measure or numerical count". We find, neither in reason nor definition, even tenuous support for appellant's contentions that these products cease to be food on being cooked and that the sales are not at retail because the subjects thereof have become "meals ready for consumption"; as certainly the meals, if such they could be termed, remain food products and the operator, whether he be a storekeeper or, as appellant suggests, a caterer, in either event sells the packages at retail. It was stipulated with respect to the chicken and the loin ribs that each "is offered for sale and sold in buckets", and this must necessarily be construed (since it is also stipulated that the food is cooked after being ordered and before being packaged) as indicating that the product is initially "*offered* for sale at retail and not in containers" within the meaning of subdivision 3. We find appellant's additional contentions without merit and none of them require discussion. Judgment affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.