Lawrence H. Cooke, J.
Dr. Samuel B. Jefferson, a dentist in the City of Albany, made certain assignments of moneys due him for Medicaid program dental services to Rugby Funding, Ltd., the petitioner herein which allegedly is engaged in the business of purchasing claims of said type. This article 78 proceeding has been instituted to review and annul the determination of the Commissioner of Public Welfare of the County of Albany, refusing to honor said assignments, and to direct respondent to issue a check in payment thereof.
Section 13-101 of the General Obligations Law, entitled “ Transfer of claims ”, states:
“ Any claim or demand can be transferred, except in one of the following cases:
1 ‘ 1. Where it is to recover damages for a personal injury ;
1 c 2. Where it is founded upon a grant, which is made void by a statute of the state; or upon a claim to or interest in real prop *132 erty, a grant of which, by the transferrer, would be void by such a statute;
1 ‘ 3. Where a transfer thereof is expressly forbidden by a statute of the state, or of the United States, or would contravene public policy.”
As used in said section, the term ‘£ transfer ’ ’ includes sale, assignment, conveyance, deed and gift (General Obligations Law, § 13-109).
Section 367-a of the Social Welfare Law, as added by chapter 256 of the Laws of 1966 and a part of title 11 entitled “ Medical Assistance for Needy Persons ”, provides in part: “ Any payment with respect to any medical assistance shall be made to the person, institution, state department or agency or municipality supplying such medical assistance, except as otherwise permitted or required by applicable federal and state provisions, including the rules of the board and regulations of the department.” The words ££ shall be made to the person * * * supplying such medical assistance ’ ’ are noted. Here, petitioner is not such a person, for it supplied no medical assistance. The word “ any ” is significant for it has been defined judicially to mean ‘ ‘ all ” or ‘1 every ’ ’ and the use of the word imports no limitation (Randall v. Bailey, 288 N. Y. 280, 285; Weinstein v. Sinel, 133 App. Div. 441; People v. Del Gardo, 1 Misc 2d 821, 825; Matter of Singer [State Laundry Co.], 189 Misc. 150, 151, affd. 273 App. Div. 755; People v. Gravenhorst, 32 N. Y. S. 2d 760; Matter of Schuster, 111 Misc. 534, 538).
No permitted exception has been called to the court’s attention. Furthermore, the statutory requirement is confirmed by section 360.16 of the Regulations of the Department of Social Welfare, entitled “Method of paying for medical care ” and authorized by sections 363-a and 367-a of the Social Welfare Law, which section provides in part: £ £ Any payment with respect to any item of medical care under medical assistance shall be made to the person or institution supplying such care. ’ ’ Section 381.3 of said regulations, entitled 1 ‘ Federal reimbursement ”, reads in part: 11 Federal reimbursement may not be claimed on indirect assistance nor on restricted cash grants, except for vendor payments for medical assistance made in accordance with the rules of the board and the regulations of the department relating to medical assistance.” (18 NYCRR 381.3.) The Legislature may, by statutory authority, confer upon a subordinate public board or agency the power to adopt rules and regulations reasonably adopted to carry out the purposes or objects for which it was created, and reasonable rules when duly adopted pursuant to such authority have the force *133 and effect of law (Matter of Humphrey v. State Ins. Fund, 298 N. Y. 327, 331; Darweger v. Staats, 267 N. Y. 290, 306; Cherubino v. Meenan, 253 N. Y. 462, 463, 466; People ex rel. Jordan v. Martin, 152 N. Y. 311, 316-317; Connolly v. O’Malley, 17 A D 2d 411, 417; People v. Malmud, 4 A D 2d 86, 91-92; Wirtz v. Lobello, 1 A D 2d 416, 418; Matter of Calfapietra v. Walsh, 183 Misc. 6, 7, affd. 269 App. Div. 734, affd. 294 N. Y. 867; Ivory v. Edwards, 278 App. Div. 359, affd. 304 N. Y. 949).
Subdivision (a) of section 1396a of subchapter XIX of the Social Security Act (U. S. Code, tit. 42), said section being entitled “ State plans for medical assistance ”, provides in part: “ A state plan for medical assistance must e # # (19) provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined, and such care and services will be provided, in a manner consistent with simplicity of administration and the best interests of the recipients ”. Section D-5320 of Supplement D of the Handbook of Public Assistance Administration of the United States Department of Health, Education and Welfare requires that: “A state plan for medical assistance must provide that: * * * 2. Participation in the program will be limited to providers of service who accept, as payment in full, the amounts paid in accordance with the fee structures ”. Section D-5810 thereof states in part: ‘ ‘ Payments for medical care and services made directly to medical practitioners and other suppliers of medical -care and services, as interpreted in D-5100, may be claimed for Federal financial participation.”
By providing that every payment shall be made to the person or institution supplying the medical assistance, public officials such as respondent are protected from harassment by multiplying the number of persons with whom they must deal, from embroilment in conflicting claims with resultant delay and the possibility of multiple liability, and from possible fraud upon public funds (see 6 Am. Jur., 2d, Assignments, § 69).
The argument has been advanced that, should a physician die, his estate would not be entitled to receive the amount due him under the program. While such a discussion is academic because we are not involved with a death situation here, the contention is refuted by the statutory definition of “ transfer” (General Obligations Law, § 13-109), as well as by the rule of law that upon the death of a decedent the title to his personal property vests in the representative of his estate and relates back to that date even though the latter has not qualified (People v. Smith, 172 App. Div. 826, 831, affd. 219 N. Y. 222; Matter of Brann, 148 Misc. 310). The sole authority for the collection of *134 the assets of a decedent resides in the executor or administrator of the decedent’s estate (Decedent Estate Law, § 140; Hodgins v. Zabel, 7 Misc 2d 484, 488; Matter of Campbell, 180 Misc. 849, 850).
It cannot be said that respondent has violated a governing statutory provision or that he has acted arbitrarily, capriciously or with an abuse of discretion (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7803.05, 7803.06; 1 N. Y. Jur., Administrative Law, § 184).
Petition dismissed.