■ In the Matter of LAWRENCE J. SEVERINO et al., Doing Business as KENT NURSING HOME, Respondents, v HOLLIS S. INGRAHAM, as Commissioner of the Department of Health of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered November 3, 1976 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Health Department. This proceeding was previously before this court on a motion to dismiss and we concluded that the petition stated a cause of action (Matter of Severino v Ingraham, 45 AD2d 564). Petitioners challenge the rate at which their nursing home was to be compensated for the care of Medicaid beneficiaries. The rate established by the commissioner was based upon a patient occupancy rate of 80% rather than the actual figure of 55%, thereby reducing the amount of compensation to the nursing home. The regulation applicable in determining the proper rate at the time required that the per patient day cost of care be determined by dividing the total allowable expenses by the total patient days of care during the previous year (10 NYCRR 770.12 [repealed Jan. 1970]). Since petitioners' nursing home had only been in operation six months prior to the date of the figures were to be computed, the commissioner chose a patient occupancy rate higher than the actual number of patient days of care provided. Special Term concluded that the commissioner's rate determination was arbitrary and capricious, annulled the determination, and remitted the matter for further proceedings. This appeal ensued. Initially, we conclude that this article 78 proceeding is an improper vehicle to challenge the commissioner's rate determination and, therefore, convert this proceeding, in the exercise of our discretion, into one for a declaratory judgment (Matter of White Plains Nursing Home v Whalen, 53 AD2d 926, affd 42 NY2d 838). Regarding the computation of the rate pursuant to regulation, it is a generally established principle that the Legislature may, by statutory authority, confer upon an agency the power to adopt regulations reasonably expected to advance the purposes for which it was created and that reasonable regulations so adopted have the force and effect of law (People ex rel. Jordan v Martin, 152 NY 311; Wickham v Levine, 47 Misc 2d 1, affd 24 AD2d 1035, affd 23 NY2d 923; see, also, Matter of Jeffers v Duffy, 52 AD2d 730; Park Place-Dodge Corp. v Collins, 75 Misc 2d 25, affd 43 AD2d 910). It is also well settled that an administrative agency is bound by its own regulations which have the full force and effect of law (People ex rel. Doscher v Sisson, 222 NY 387; Matter of Conlon v McCoy, 27 AD2d 280; Matter of Poss v Kern, 263 App Div 320; Matter of Lawson v Cornelius, 35 Misc 2d 816). Appellant commissioner has concededly failed to follow the mandates of the applicable regulation. The commissioner does not challenge the regulations as unreasonable, but instead urges that the procedures enunciated therein were not proper in the situation presented in the case. If this were so, however, the regulation should have been amended, not ignored. In view of the fact that the commissioner's rate determination was computed in violation of the binding regulation under which he was operating, the determination was properly annulled. It was also correctly decided at Special Term that the

commissioner's use of a lower percentage factor for the current cost adjustment than that prescribed in the regulation was improper. Such failure to comply with the regulations further necessitates annulment of the determination. Consequently, the judgment at Special Term annulling the determination of the commissioner and remitting the matter for further proceedings must be affirmed. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane, and Main, JJ., concur