(19 Misc. Rep. 634.)

### PEOPLE v. KOCH.

(Supreme Court, Appellate Term, First Department. March 25, 1897.)

ADULTERATION—ACTION FOR PENALTY—EVIDENCE.

Adulterated milk is shown to have been "offered or exposed for sale" (Laws 1893, c. 338, § 22) by evidence that defendant was delivering milk to regular customers at the time a can of impure milk was found in his wagon, though, after it was analyzed, he returned it to the person from whom he had bought it, and was credited with the price.

Appeal from Ninth district court.

Action by the people of the state of New York against Henry Koch to recover a penalty for a violation of the agricultural law (Laws 1893, c. 338). There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Benjamin Estes, for appellant.
Frank Moss, for respondent.

DALY, P. J. The defendant is a wholesale milk dealer, buying and selling milk, and has no place of business, but takes the milk which he buys from the railroad depot in cans, in his wagon, and delivers it to his regular customers in the city. It was while he was thus delivering 23 cans of milk, in the early morning of August 18, 1896, that he was stopped by an inspector, and a sample of milk was taken from one of his cans. This sample was analyzed by a competent chemist, and found to be impure. Being sued for the penalty imposed by statute upon one who "offers or exposes for sale" impure milk, the defendant contends that he was not committing the offense charged, because he did not deliver to any customer the can from which the sample was taken, but returned it to the dealer at the depot from whom he bought it, and was credited with the price. If the defendant's contention be well founded, then, whenever a dealer who has placed impure milk on sale is detected, and withdraws it before any of it is actually disposed of, he cannot be convicted. The evidence showed that the defendant was delivering milk to regular customers, and the presumption is that such delivery was under a contract of sale. If he had not been stopped, the can in question would have been delivered, and the sale of it completed. He was taking it to his customer, and offering it to him, and each step in his journey from the depot to the customer was in the course of so offering it. It was not necessary to show actual delivery to a customer, since he admitted that he was in the act of delivering when he was stopped. The fact that he subsequently returned this particular can to the party from whom he

bought it does not bear upon the question in dispute, because it is not shown that he intended to submit the milk in his wagon to any examination or test before delivery. Had it been his purpose to do so, then he could not be convicted of offering the milk for sale at the time he was stopped. It is because, had he not been stopped, the milk would have been delivered to his customer, that the offense against the law was completed, and his conviction should have followed. I think it could not be contended that a milkman going his daily rounds to retail customers, to supply them with impure milk, would not be deemed to be offering and exposing milk for sale; and the defendant's case is no better. The justice should have held that an offense was committed, and he should have imposed the penalty fixed by law.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.