(50 App. Div. 604.)

### HODGSON v. CONKLIN.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

NEGLIGENCE—PERSONAL INJURY—OWNERSHIP OF PROPERTY—EVIDENCE.
    In an action for injuries sustained through the driver of a truck, alleged to belong to defendant, backing into the sidewalk as plaintiff was passing, there was evidence that defendant was at one time the owner of the truck, and, although he testified that he did not own any trucks at the time of the accident, having sold them to his wife, it appeared that his name was painted on the truck in question, that the driver received his orders and pay from defendant, and no documentary proof of a change of ownership was offered, nor was the wife produced as a witness. *Held*, that the evidence as to ownership was sufficient to support a verdict against the defendant.

Appeal from trial term.

Action by Robert Hodgson against Henry A. Conklin for damages for a personal injury. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Cromwell G. Macy, for appellant.
Isaac L. Miller (Albert E. Hartcorn, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff obtained a verdict in an action based on the negligence of the defendant. The specific charge was that the driver of a truck belonging to the defendant carelessly backed into the sidewalk of one of the public streets in New York, borough of Manhattan, and injured the plaintiff, a pedestrian on the sidewalk, and at the time entirely free from blame. The case was carefully tried, and was submitted to the jury in an unexcep-

tionable charge, and to which no exception was taken. The only question presented on the appeal is that there was not sufficient evidence of the ownership of the truck. It is apparently undisputed that the defendant was at one time the owner of the truck, and it was proved that his name as owner was painted on it at the time of the accident. This made a prima facie case. Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353. The defendant testified that he did not own any truck at the time of the accident, but that the trucks which formerly belonged to him had been sold before the accident to his wife. The driver testified that he was in the employ of the defendant's wife, but admitted that he never received any pay from her, or any orders, and that all his orders came from the defendant, or some other employé. The facts that the name upon the truck had not been changed, but that it was still used with the defendant's name as owner; that the driver was working under the defendant's orders; that no papers or other documentary proof indicating a change in the ownership of the business was produced; that the wife of the defendant was not a witness, although residing at the time in the borough of Brooklyn, where the trial was had; and the defendant's interest in the case,—required the submission to the jury of the question as to whether or not the driver was not in fact engaged in the defendant's business, and with the defendant's truck, at the time of the accident. The question was so submitted without exception, and the verdict and judgment were warranted by the proof.

The judgment and order should be affirmed, with costs. All concur.