## PEOPLE v. McDERMOTT DAIRY CO.

(Supreme Court, Appellate Term. April 8, 1910.)

1. FOOD (§ 16*)—SALE OF "ADULTERATED MILK"—EVIDENCE.

Under Consol. Laws, c. 1, § 32, making it unlawful to sell or offer for sale "adulterated milk," which is defined by section 30 as "milk containing more than 88 per cent. of water or fluids, and containing less than 12 per cent. of milk solids," the state, in an action for the penalties for a sale of adulterated milk, makes out a prima facie case by the uncontradicted testimony of two of its agents that defendant delivered at a lunchroom milk containing 88.63 per cent. water and 11.37 per cent. solids.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 1, pp. 211, 212.]

2. FOOD (§ 1*)—CONSTITUTIONAL REGULATIONS.

The law authorizing the recovery of a penalty, in an action by the state, for a violation of Consol. Laws, c. 1, § 32, making it unlawful to sell or offer for sale adulterated milk, is not unconstitutional, as providing two penalties for the same offense.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 1.*]

3. FOOD (§ 16*)—SALE OF ADULTERATED MILK—EVIDENCE OF "SALE"—"OFFER FOR SALE."

The uncontradicted testimony of two state agents that defendant delivered a can of adulterated milk at a lunchroom, taking a receipt therefor from the person in charge, is sufficient evidence of "sale," or "offer for sale," in violation of Consol. Laws, c. 1, § 32, making it unlawful to sell or offer for sale adulterated milk.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 7, pp. 6291–6306; vol. 8, p. 7793; vol. 6, pp. 4919, 4920.]

4. FOOD (§ 16*)—SALE OF ADULTERATED MILK—EVIDENCE OF OWNERSHIP.

That the wagon from which adulterated milk was taken bore defendant's name on its sides is prima facie sufficient to show that it was the property of defendant and that the driver was in its employ.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the People of the State of New York against the McDermott Dairy Company. Defendant had judgment, and plaintiff appeals. Reversed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

James O'Malley (William W. Pellet, of counsel), for the People.

James E. Smith, for respondent.

GAVEGAN, J. This is an action brought by the people of the state of New York against the defendant, a milk seller, to recover the sum of $200 as a penalty for violation of section 32, art. 3, c. 1, of the Consolidated Laws, known as the "Agricultural Law." On the morning of July 16, 1909, two agents of the Commissioner of Agriculture, whose duty it was to detect violations of the agricultural law, saw a wagon bearing the name of the defendant stop in front of a lunchroom in the city of New York. The driver of the wagon lifted therefrom a can containing milk and deposited it on the sidewalk. The can was sealed, and one of the agents ordered the driver to break the seal, which he did. After stirring the milk, the agent filled two bottles with it, sealed them, delivered one to the driver, and retained the other. The driver then took the can of milk into the lunchroom, got a receipt for it from the person in charge, and drove away. Thereafter the agent delivered the bottle of milk retained by him to a chemist in the employ of the state, who made an analysis of it, which showed that the milk contained 88.63 per cent. water and 11.37 per cent. solids. This testimony was corroborated by the other agent. The defendant offered no proof, but rested on its motion to dismiss the complaint; and the court gave judgment for the defendant, dismissing the complaint.

Section 32 of the agricultural law provides:

"No person shall sell or exchange or offer or expose for sale any unclean, impure, unhealthful, adulterated or unwholesome milk," etc.

Section 30 of that law, defining what shall be deemed adulterated milk, says:

"(1) Milk containing more than eighty-eight per centum of water or fluids. (2) Milk containing less than twelve per centum of milk solids."

It further provides that all adulterated milk shall be deemed unclean, unhealthy, impure, and unwholesome.

The uncontradicted testimony of the plaintiff made out a prima facie case. The judgment was clearly not justified by the evidence, and should be reversed.

The defendant urges on this appeal that the section of the law under which this action is brought is unconstitutional, in that it provides two penalties for the same offense. This contention was decided adversely to the defendant in People v. Bowen, 182 N. Y. 1, 74 N. E. 489, People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415, and People v. Beaman, 102 App. Div. 152, 92 N. Y. Supp. 295.

There is no force in the defendant's contention that the plaintiff did not prove facts sufficient to constitute a cause of action. On the contrary, the uncontradicted testimony shows clearly that the statute

was violated. The delivery of the milk to the lunchroom, leaving it there, and getting a receipt from the person in charge, is sufficient evidence of a sale or an offer for sale. People v. Koch, 19 Misc. Rep. 634, 44 N. Y. Supp. 387.

The wagon bore the name of the defendant on its sides, and this was prima facie sufficient to show that it was the property of the defendant, and that the driver was in its employ. Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353; Hodgson v. Conklin, 50 App. Div. 604, 64 N. Y. Supp. 76.

The testimony of the chemist showed that the milk contained 88.-63 per cent. of water and 11.37 per cent. solids, while the law explicitly provides that it should not contain more than 88 per cent. water, nor less than 12 per cent. solids.

Every fact to make out a prima facie case was established by the plaintiff, and in the absence of any impeachment of that testimony the court erred in dismissing the complaint.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.