RELIANCE GRANT ELEVATOR EQUIPMENT CORPORATION, Respondent, *v.* RELIANCE BALL BEARING DOOR HANGER COMPANY and Another, Appellants.

First Department, May 4, 1923.

**Principal and agent — action for specific performance of agreement making plaintiff sole selling agent — contract was for five years with provision for renewals followed by provision for cancellation by principal within sixty days after " end of a contract year "— principal had right under contract to cancel at end of any year during first contract period — contract is ambiguous and plaintiff is not entitled to injunction pendente lite.**

A contract entered into between the parties to this action whereby the plaintiff was appointed sole selling agent for the defendant for a period of five years, which provided for an extension of the agreement for an additional five years, and that " Further like five-year extensions may be made at the option of either party upon like notice, provided, however, that if in any year the yearly sales " to the plaintiff should be less than a specified amount the defendant, at any time within sixty days after " the end of a contract year " might terminate the agreement, gave the defendant the right to terminate the contract at the end of any year during the first contract period in case the sales amounted to less than that specified, and the provision relating to termination was not limited to the renewal periods.

The most that the plaintiff could claim is that the contract in this particular is ambiguous and must depend for its construction upon attending circumstances,

and, therefore, since the rights of the parties are not clear an injunction *pendente lite* should not have been granted in this action to compel the specific performance of the contract.

APPEAL by the defendants, Reliance Ball Bearing Door Hanger Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1923, denying plaintiff's motion for a temporary injunction.

*Murray & Manson* [*Charles J. McDermott* of counsel], for the appellant Reliance Ball Bearing Door Hanger Company.

*Wherry & Mygatt* [*Frederic E. Mygatt* of counsel; *Thomas H. Wight* with him on the brief], for the appellant Graham & Norton Company.

*Cornell, Lockwood & Jeffery* [*William P. Jeffery* of counsel], for the respondent.

PAGE, J.:

The defendant Reliance Ball Bearing Door Hanger Company, for brevity hereinafter designated Reliance Company, is a manufacturer of door hangers and other accessories for elevator equipment. By agreement dated October 10, 1919, it had appointed the plaintiff sole selling agent of all its products. Under this agreement plaintiff sold the goods at list price, transmitted the orders to the Reliance Company, which manufactured and shipped the goods according to the orders, but charged the same to the plaintiff at a discount of thirty-five per cent from the list price. The dealings of the Reliance Company were with the plaintiff alone.

The agreement, by its terms, was to continue for five years, with privileges of renewal; but it contained a provision that if in any year the yearly sales by the Reliance Company to the plaintiff should be less than $150,000 net charges to the plaintiff, the Reliance Company might, at any time within sixty days after the end of a contract year, upon giving three months' notice in writing, terminate the agreement. A contract year ended on October 9, 1922. The sales for that year were less than $150,000, and on October 11, 1922, the Reliance Company gave plaintiff notice in writing terminating the agreement on January 10, 1923. On October 24, 1922, the Reliance Company made a contract with the defendant Graham & Norton Company, by which the latter was made the sole agent for the sale of the products of the Reliance Company from and after January 11, 1923.

On December 29, 1922, plaintiff began this action by service

21

**322**   RELIANCE GRANT EL. E. CORP. *v.* RELIANCE B. B. D. H. Co.

First Department, May, 1923.                    [Vol. 205

of a summons and complaint, together with affidavits and an order to show cause why an order should not be granted enjoining and restraining the defendants during the pendency of the action, pursuant to a demand of the complaint. It is alleged in the complaint that the plaintiff has in all respects duly performed and carried out all the terms and provisions of the contract on the part of the plaintiff to be performed and carried out; that the Reliance Company has violated and refused to carry out the agreement. Plaintiff demands judgment that the agreement is valid, subsisting, and in full force and effect; that the Reliance Company be required to specifically perform the agreement and be enjoined from selling or offering to sell its products, except to the plaintiff; that the defendant Graham & Norton Company be enjoined from purchasing or offering to purchase products manufactured by the Reliance Company and from selling or offering to sell the same. Plaintiff further demands an injunction pending the action in the same manner and to the same effect as the demand for the final injunction.

On the hearing of the motion the defendants submitted their separate answers to the complaint, and also answering affidavits. The learned justice at Special Term granted the motion, holding that the provision for the termination of the contract in case the net yearly sales did not amount to $150,000, applied only to the renewal periods and not to the first five years.

It is to be borne in mind that the Reliance Company was making the plaintiff its sole selling agent, and this construction of the contract would have placed the Reliance Company entirely at the mercy of the plaintiff. It might be required to maintain its organization and conduct its business at a loss for a period of six years and three months before it could relieve itself of an unprofitable contract. Such a construction should not be given to the agreement, unless it clearly appears from the wording of the contract that such was the intention of the parties. (*Simon* v. *Etgen,* 213 N. Y. 589, 595.) The contract in this particular reads as follows: " XXII. This agreement shall commence on the date hereof and remain in force for five years from such date. At the expiration of such time said agreement may be extended for an additional five years at the option of either party, provided notice of extension in writing shall be given at least six months prior to the termination of the first five-year period. Further like five-year extensions may be made at the option of either party upon like notice, provided, however, that if in any year the yearly sales by the Reliance Company to the Grant Company shall be less than one hundred and fifty thousand ($150,000) dollars net

charges to the Grant Company, the Reliance Company may, at any time within sixty days after the end of a contract year, upon giving three months' notice in writing, terminate this agreement."

The plaintiff's contention is that the sentence containing the proviso is a complete sentence, the proviso clause being separated by a comma and commencing with a small " p," and, therefore, the proviso must be held to apply only to the antecedent clause. If we should apply this rule, then the only right that the Reliance Company would have to terminate the contract would be during the renewal periods subsequent to the first renewal, or, in other words, only after the first eleven years of the duration of the contract. Such a result would be so absurd that the plaintiff's counsel has not argued for its adoption. Furthermore, if we confine the proviso to the immediate antecedent phrase, it is meaningless. That phrase is " Further like five-year extensions may be made at the option of either party upon like notice." The proviso does not relate to extensions of the term of the contract, but to a termination in any year at any time within sixty days after the end of a contract year. Therefore, the proviso must refer to a termination of the contract, and has no relation to an extension. The sole basis for the construction contended for rests upon the punctuation. " Punctuation is a most fallible standard by which to interpret a writing; it may be resorted to when all other means fail; but the court will first take the instrument by its four corners, in order to ascertain its true meaning; if that is apparent on judicially inspecting the whole, the punctuation will not be suffered to change it." (*Ewing* v. *Burnet*, 11 Pet. 41, 54.) " In a contract the words, and not punctuation, are the controlling guide in its construction. Punctuation is no part of the English language * * *. It is always subordinate to the text, and is never allowed to control its meaning. The court will take the contract by its four corners, and determine its meaning from its language, and, having ascertained from the arrangement of its words what its meaning is, will construe it accordingly, without regard to the punctuation marks, or the want of them. * * * But the words control the punctuation marks and not the punctuation marks the words." (*Holmes* v. *Phenix Ins. Co.*, 98 Fed, Rep. 240, 241.) If for the comma we substitute a period, and make the phrase an independent sentence, all ambiguity will disappear and the cancellation proviso will clearly refer to the duration of the agreement, and not to the making of extensions. The parties were not entering upon a new contract relation and an uncertain venture. A similar agreement had been made two years before which this agreement superseded. They operated under

this agreement for three years before the Reliance Company exercised its right of cancellation. The most that plaintiff could claim is that the contract in this particular is ambiguous, and must depend for its construction upon surrounding circumstances. This is fatal to the motion for an injunction. We have recently said: " It is the law that unless the rights of the parties are clear the court will not exercise its power to grant an injunction. * * * Where, as here, injunctive relief is asked upon controverted affidavits and upon instruments the construction of which leaves the rights of parties open to doubt and uncertainty, the courts should not grant such relief." (*Gambrill Mfg. Co.* v. *American Foreign Banking Corp.*, 194 App. Div. 425, 432.)

The complaint alleges due performance by the plaintiff; being unable to show that the sales were $150,000 or more in the contract year ending October 10, 1922, the affidavits in support of the motion strive to excuse performance; under the pleading the resort to excuse had no relevancy to, and could not support, the cause of action alleged.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Clarke, P. J., Dowling, Merrell and Finch, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.