WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. GOLDBLATT BROS, Inc.

No. 8701.

Circuit Court of Appeals, Seventh Circuit.

Nov. 29, 1945.

Rehearing Denied Jan. 25, 1946.

---

[1] Ballard v. United States, 322 U.S. 78, 88, 64 S.Ct. 882, 88 L.Ed. 1148.

Douglas B. Maggs and Bessie Margolin, Dept. of Labor, both of Washington, D. C., Kenneth P. Montgomery, of Chicago, Ill., and Joseph M. Stone, Atty., U. S. Dept. of Labor, of Washington, D. C., for appellant.

A. N. Pritzker and Stanford Clinton, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents another aspect of the question whether employees engaged in the warehouses and central offices of a chain store system operating department stores in more than one state are subject to the wage and hour provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207.

In an earlier appeal in this same proceeding (128 F.2d 778), this court considered the decision of the District Court holding that none of appellee's employees were engaged in commerce or in the production of goods for commerce, hence denying the injunction then sought. On appeal this court held that all employees engaged in procuring goods from other states for transportation to and delivery at employer's warehouses, from which they were either distributed to its retail stores or held in storage, were engaged in "commerce" within the meaning of the Act;

likewise that employees engaged in unloading and checking goods shipped in interstate commerce, and handling them on the platforms, those engaged in shipping such goods from warehouses in Illinois to stores in another state, those engaged in making up goods for sale in the stores in either state, and in the operation, maintenance and servicing of certain warehouses where such processed good were handled were all engaged in the production of goods for commerce or in an occupation necessary to such production. However, since the lower court had heard no evidence on the question of whether certain statutory exemptions provided by Section 13(a) of the Act were applicable, we remanded the cause for further proceedings intended to determine which of appellee's employees were actually covered by the Act unless such employees were exempted by the further provisions not previously considered by the court. By the earlier proceeding, filed April 16, 1940, the Administrator charged violations of the Act only with respect to the employees employed in three warehouses belonging to appellee, not including the State Street warehouse.

After remand of the cause for further proceedings, appellant filed an amended complaint, January 12, 1944, making general allegations of appellee's violation of the Act, so as to cover all of defendant's stores and warehouses in Chicago. Under this amended complaint, on trial, he extended the scope of the violations charged to cover all employees working in all of appellee's warehouses, its bakery, and central offices. The District Court found as a matter of law that appellee was operating a retail establishment within the meaning of section 13(a) (2) of the Act, and that all of its employees were employed in a local retailing capacity within the meaning of section 13(a) (1) and were therefore not subject to the Act.

Defendant is an Illinois corporation, now owning and operating chain stores consisting of 14 department stores, one drug store, one bakery and six warehouses. Eight of the department stores and the drug store are located in Chicago. One is in Joliet, Illinois, one in Hammond, Indiana, and one in Gary, Indiana. The other three stores are at South Bend, Indiana, Milwaukee, Wisconsin, and Buffalo, New York, and are operated as part of a

different chain. All of these stores sell at retail the variety of items usually found in the modern department store.

The six warehouses are located in various sections of Chicago. All of them receive a large proportion of their merchandise from out of state sources. One, referred to as the State Street warehouse, consists of two interconnected buildings. It is just back of and across the alley from defendant's retail store on State Street, the warehouse and store being connected by three passageways, two of which are overhead and one underground. The warehouse is connected with no other building. This store and warehouse are heated by a single heating plant which is located in the State Street store. The five other warehouses are separate and apart from each other and from the State Street store, and are in no manner physically connected therewith, and stock for retail is delivered from these to each of the retail stores as they need ·and request it. The State Street warehouse is not used as such by any of the stores except the State Street store. However, the defendant also maintains a drapery workshop in this warehouse, and for the fiscal year ending January 31, 1943, the dollar value of the drapes made in this shop was approximately $187,000, of which approximately $28,000 was for the defendant's Hammond and Gary, Indiana stores.

The central offices for the entire system are housed on the ninth and tenth floors of the State Street store building. but such offices do not have exclusive occupancy of those floors, there being a number of employees located there whose duties are connected with the State Street store. Separate banks of elevators located in different parts of the building are used for the eight floors used for retail selling, accessible to appellee's customers, and for the ninth and tenth floors, although selling employees engaged on the first eight floors have access to the ninth and tenth floor elevators as well as nonselling employees.

The question presented by this appeal is whether the employees employed in the warehouses, bakery and central offices of appellee's chain store system are subject to the Act, or are exempted from its operation by reason of either Section 13(a) (1) or (2), 29 U.S.C.A. § 213(a) (1), (2).

Section 13 relating to exemptions provides:

"(a) The provisions of sections 6 and 7 of this title shall not apply with respect to (1) any employee employed in a bona fide * * * local retailing capacity * * * (as such terms are defined and delimited by regulations of the Administrator); or (2) any employee engaged in any retail or service establishment the greater part of whose selling * * * is in intrastate commerce; * * *."

By regulation duly promulgated pursuant to the authorization of subsection (1), the Administrator defined the term "employee employed in a bona fide * * * local retailing capacity" to mean any employee—

"(a) who customarily and regularly is engaged in—

"(1) making retail sales the greater part of which are in intrastate commerce; or

"(2) performing work immediately incidental thereto, such as the wrapping or delivery of packages, and

"(b) whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 percent of the number of hours worked in the workweek by such nonexempt employees." 29 U.S.C.A.Appendix, § 541.4.

The District Court held that appellee's employees were all exempt from the operation of the Act by virtue of both of these provisions. In reaching its decision with regard to the § 13(a) (2) exemption, the court relied upon a decision of this court and decisions of the Sixth and Ninth Circuit Courts of Appeal to the same effect. See Walling v. Wiemann, 7 Cir., 138 F.2d 602, 150 A.L.R. 878; Allesandro v. Smith Co., 6 Cir., 136 F.2d 75, 149 A.L.R. 382; Walling v. Block, 9 Cir., 139 F.2d 268. However, after its decision, the Supreme Court, in A. H. Phillips, Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 157 A.L.R. 876, affirmed a decision of the Court of Appeals for the First Circuit, 144 F.2d 102, which it said was in conflict with the three decisions relied upon by the trial court.

As a result of this decision appellee concedes that its employees at its bakery and all of its warehouses except the one on State Street, are not excluded from the Act by the retail establishment exemption. It contends, however, that this exemption is limited to those particular employees, and is not applicable to any of its clerical, warehouse or production employees working in its State Street buildings for the

reason that these premises are all a part of its one retail establishment there.

In the Phillips case the Court considered the meaning of the term "retail establishment" there involved, as it related to the 49 retail stores and one warehouse and central office quite some distance apart from any of the stores, and not physically connected therewith. It discussed the integration of retail and wholesale functions by means of the warehouse and central office which it described as vital factors in such integration, and necessary instruments for the successful performance of the wholesale aspects of a multi-function business of this type.

In holding section 13(a) (2) wholly inapplicable to that chain store system as a whole, the Court said [324 U.S. 490, 65 S.Ct. 810]:

"* * * if, as we believe, Congress used the word 'establishment' as it is normally used in business and in government—as meaning a distinct physical place of business—petitioner's enterprise is composed of 49 retail establishments and a single wholesale establishment. Since the employees in question work in the wholesale establishment (which was the warehouse and office), Section 13(a) (2) is plainly irrelevant."

Furthermore, the Court said:

"Moreover, it is quite apparent from the sparse legislative history of Section 13(a) (2) that Congress did not intend to exempt as a 'retail establishment' the warehouse and central office of an interstate chain store system. * * *

"Here petitioner's warehouse and central office employees are performing wholesale duties in the very midst of the stream of interstate commerce. They constantly deal with both incoming and outgoing interstate shipments. Such tasks are completely unlike those pursued by employees of the small local retailers, who were the sole concern of Congress in Section 13(a) (2). These duties, rather, are economically, functionally and physically like those of the independent wholesaler's employees who, when engaged in interstate commerce, are admittedly entitled to the benefits of the Act. * * *

"* * * Economic facts, legal principles and consistent and thorough administrative interpretation of the exemption all compel the conclusion that Section 13(a) (2) is not applicable to the facts of this case. * * *"

The Court also referred with approval to the Interpretative Bulletin No. 6 issued by the Wage and Hour Division of the Department of Labor wherein it stated, "* * * each physically separated store of a chain of stores will be considered a separate 'retail establishment.' The warehouses and central executive offices of the *chain* are not 'retail establishments.'" (Our italics.)

Under this decision we feel impelled to hold that a majority of defendant's employees working in its central office, located in the State Street store, in the bakery, in the drapery workshop, located in the State Street warehouse, and in the five warehouses, not including the State Street warehouse, are engaged in wholesaling and manufacturing functions which are neither retail nor local, and that as to such employees, the exception under Section 13(a) (1) or 13(a) (2) is inoperative.

The judgment of the District Court is hereby reversed, and the cause remanded for further proceedings.