**WALLING, Administrator of Wage and Hour Div., U. S. Dept. of Labor, v. RITTER FOOD STORES.**

**RITTER FOOD STORES v. WALLING, Administrator of Wage and Hour Div., U. S. Dept. of Labor.**

**No. 11651.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1947.

William S. Tyson, Sol., U. S. Dept. of Labor, Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, and Morton Liftin, Asst. Sol., U. S. Dept. of Labor, all of Washington, D. C., for appellant.

Harold Cox, of Jackson, Miss., for Ritter Food Stores.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The administrator, alleging that the defendant, as to its central office and warehouse employees, had violated and was continuing to violate the minimum wage, overtime and record provisions of the Fair Labor Standards Act of 1938,[1] and supporting his allegation by affidavit of one Talmadge P. Walker,[2] sued for an injunction.

Defendant filed its answer alleging: that defendant is engaged in business solely as a retail establishment, the greater part of whose selling or servicing is in intra-state

[1] 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

[2] This affidavit states:

"The Ritter Food Stores, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Mississippi. The said company operates six retail grocery stores and meat markets, all in the city of Jackson, Mississippi. In addition, the company maintains a central office and warehouse serving such stores. Said central office and warehouse is located at 431 South West Street, occupying approximately two-thirds of a large building. The remainder of the said building is occupied by a retail store owned by the company. The warehouse and offices are separated by permanent type partitions from the retail store and serves all retail stores operated by the company. There is no interchange of employees between the central office and warehouse and the retail stores, and the two divisions serve different purposes and functions. * * *"

"The central office maintained by the company purchases all goods sold through the retail stores, including merchandise obtained from within the State of Mississippi and merchandise ordered and received directly from outside the State of Mississippi. Goods are ordered by the company from extra-state sources each week and as often as each day, and goods

36

commerce; and that, within the meaning of and as provided by Section 13 of the Fair Labor Standards Act,[3] the invoked provisions do not apply to the employees of the central office and warehouse referred to in the complaint. Supporting the motion by affidavit[4] of C. H. Ritter, its president, it also moved for summary judgment, and the parties agreeing that the affidavit of Walker attached to the complaint should be treated and considered by the court as the plaintiff's affidavit in response to Ritter's affidavit, the motion came on for hearing. Thereafter, deciding: that there was no genuine issue of fact to be determined; and that the defendant was engaged solely in carrying on and the employees were employed in a local retail establishment, as contended by defendant, the court granted defendant's motion and gave summary judgment dismissing the complaint.

The administrator is here insisting that the district court erred:

"(1) In ruling that appellee's employees employed in its central office and warehouse are employed in a retail establishment within the exemption provided by Section 13 (a) (2) of the Act.

"(2) In determining the applicability of the retail establishment exemption on appellee's motion for summary judgment."

Appellee insists that the district judge was right throughout in holding, first, that the record made no genuine issue of fact, and, second, that, upon the undisputed

are received directly from extra-state sources each week and often several shipments are received each day. * * * Such out-of-state purchases amount to approximately $1,200.00 per week and account for 10% to 15% of the goods purchased by the company for resale through its retail stores. All of such goods are purchased through the central office.

"All extra-state deliveries, when delivered by motor carriers, are received at the warehouse by employees of the office and warehouse. Extra-state shipments consigned to the company by rail are delivered to employees of the company at the freight depots of the Illinois Central and Gulf, Mobile & Northern Railroads, who in turn transport it to the company warehouse where it is to be put in stock awaiting distribution to the retail stores. All goods received at the warehouse are unloaded and placed in stock by employees of the warehouse and central office."

[3] Sec. 213, 29 U.S.C.A.

[4] According to this affidavit:

The defendant operates five small grocery stores with meat markets therein, all located in the city of Jackson. The space for the storage of an adequate stock of merchandise is not available in the stores themselves, or any of them, except the retail store at 429–31 South West Street. The greater part of the company's selling and servicing is wholly in intrastate commerce. Only about 8 percent of the merchandise sold by the company is received through interstate channels. Most of this is rapidly moving merchandise and is delivered by the company from its receiving platform to its various stores and markets immediately and is never placed in said stores. Merchandise delivered to the company from other states is delivered by the carrier onto its receiving platform. No profit of any kind accrues to the storeroom through its handling of merchandise for other grocery stores, but all loss sustained by merchandise in the store room is allocated equally to the five grocery stores and all merchandise is invoiced out of the storeroom to the grocery stores at actual cost.

No wholesale business or wholesale activities of any nature or kind, or to any extent, are conducted in or by the storeroom or its employees. The company is engaged only in selling at retail groceries and meats to individual consumers in Jackson through its five grocery stores and markets, and all of its sales are intrastate sales. The function of the storeroom in such operation is solely for the accommodation and convenience of the grocery stores and is incidental to and in furtherance of, and actually is, an integral part of such retailing operations.

Par. 9 of it is a denial of Walker's statement that there is no interchange of employees between the central office and warehouse.

Par. 10 of it is a flat denial that any managing officers or informed representatives of the company ever advised Walker anything contrary to the facts stated in Ritter's affidavit and all statements contained in Walker's affidavit at variance with the statements made herein are without foundation in fact and untrue.

Par. 11 of it is a denial of statements made by Walker as to the activities of the truck drivers in connection with the merchandise.

facts, the employees in question were employed in a local retail establishment within the meaning of and as provided by Section 213 (a) (2), 29 U.S.C.A.

The administrator supports his claim that there was a genuine issue of fact between him and the defendant by pointing to: (1) The definite and precise statements of fact in his complaint and in Walker's affidavit; (2) the denials contained in defendant's 6th, 7th, 8th and 10th defenses; (3) the denials and contradictions in Ritter's affidavit of matters set out in Walker's affidavit; and (4) the statement in the district judge's memorandum that in reaching his conclusion, that there was no genuine issue of fact to be determined, he had excluded from consideration paragraphs 10 and 11 of Ritter's affidavit, and that he had "taken Mr. Walker's affidavit as true, *except as to where it is clear that he was stating conclusions or facts about which he had no knowledge.*" (Emphasis supplied)

In support of his position, that the court erred in ruling that defendant is engaged solely in conducting, and the employees in question are employed in, a retail establishment, the administrator relies on Phillips Co. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 808, 89 L.Ed. 1095, 157 A.L.R. 876; Fletcher v. Grinnel Bros., 6 Cir., 150 F.2d 337; and Walling v. Goldblatt, 7 Cir., 152 F.2d 475.

Appellee, on the issue of summary judgment, insists that the contradictions and denials on which the administrator relies as raising genuine issues of fact relate to matters not material to a decision of the cause and that on all material matters the evidence is without conflict. On the merits, he points out that the cases relied on by the administrator were, as shown by the quotation following, all true chain store cases:

The "warehouse and central office employees are performing wholesale duties in the very midst of the stream of interstate commerce. They constantly deal with both incoming and outgoing interstate shipments. Such tasks are completely unlike those pursued by employees of the small local retailers, who were the sole concern of Congress in Section 13 (a) (2). These duties, rather, are economically, functionally and physically like those of the independent wholesaler's employees who, when engaged in interstate commerce, are admittedly entitled to the benefits of the Act." Phillips v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876, as quoted in Walling v. Goldblatt Bros., 7 Cir., 152 F.2d at page 478.

Insisting that such cases are without application, he declares that here there is but a single retail business, operating at five separate places indeed but none the less one retail store or establishment, served by a warehouse which is not in any sense a wholesale establishment, separate or otherwise, but a part of the retail business, a mere storage place for the goods retailed in the stores.

We agree with the administrator that, as presented in the court below, there were genuine conflicts on material issues of fact, and the motion for summary judgment should have been denied. We agree with him, too, that the judgment dismissing the complaint must be reversed and the case must be remanded for trial, on the controverted and determining question whether or not appellee's warehouse and central office constitutes a wholesale establishment, the duties of whose employees "are economically, financially and physically like those of the independent wholesalers' employees who when engaged in interstate commerce are admittedly entitled to the benefits of the act." No useful purpose would, therefore, be served by an analysis on our part of the controverting affidavits or of the decisions on which appellant and appellee rely. It is sufficient to say that the law is authoritatively laid down in the three cases cited, supra, and that it will be for the district judge to apply the law as there laid down to the facts as found by him on retrial.

The judgment is reversed and the cause is remanded for trial anew in accordance herewith.