## GRANT v. BERGDORF & GOODMAN CO.

### No. 108, Docket 21155.

United States Court of Appeals
Second Circuit.

Jan. 28, 1949.

Harry Rodwin, of New York City (Gold-
water & Flynn, James L. Goldwater, and

Joseph E. O'Grady, all of New York City, on the brief), for plaintiff-appellant.

Laurence Rosenthal, of New York City (Riegelman, Strasser, Schwarz & Spiegelberg, of New York City, on the brief), for defendant-appellee.

William S. Tyson, Sol., Bessie Margolin, Asst. Sol., and William A. Lowe, Joseph M. Stone, and Joseph D. Mladinov, Attys., U. S. Dept. of Labor, all of Washington, D. C., and John A. Hughes, Regional Atty., of New York City, for Administrator of Wage and Hour Div., U. S. Dept. of Labor, amicus curiae.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an action by a building maintenance engineer against his department store employer to recover unpaid overtime compensation allegedly due under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. As the case developed below, the defendant relied mainly on three defenses, all of which were ultimately upheld. The defense that the plaintiff was an exempt executive under § 13(a)(1) of the Act, 29 U.S.C.A. § 213(a)(1), was found in defendant's favor by a special verdict of a jury upon a trial to it. Thereafter the court determined as a matter of law that the plaintiff was also exempt as an "employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce," under § 13(a)(2), 29 U.S.C.A. § 213(a)(2), and that the defendant was not "engaged in commerce or in the production of goods for commerce" within the meaning of the Act, §§ 6–8, 29 U.S.C.A. §§ 206–208. Plaintiff's appeal from the resulting judgment of dismissal of the complaint brings these rulings before us for review. It should be noted that the sustaining of any one of these defenses would prevent recovery by the plaintiff. Nevertheless we are constrained to reverse because we think the court was seriously in error in construing the statute, resulting in submission of the case to the jury under an erroneous charge and incorrect rulings on the two points of law separately decided by it.

Defendant leases and operates three interconnected buildings on Fifth Avenue in New York City for use as a retail store and for the custom manufacture of women's clothing. An associated enterprise, Bergdorf & Goodman Fur Corporation, occupies part of one floor on the premises, where it manufactures furs and fur garments. Plaintiff was employed by defendant as an engineer in its maintenance and building service to operate the building and maintain the equipment, including the manufacturing equipment. Of the Company's more than $5,000,000 annual gross sales during the period in suit approximately 40 per cent was shipped to out-of-state customers. The annual gross sales of goods manufactured by the Company on the premises amounted to $800,000, of which approximately 45 per cent was shipped out of the state. The production of goods, an even smaller proportion of which is shipped across state lines, has long been held to constitute the production of goods for commerce within the meaning of the Act. Mabee v. White Plains Pub. Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607. And a maintenance employee in an establishment where such goods are produced is engaged in the production of goods within the statutory definition of § 3(j), 29 U.S.C.A. § 203(j), since building maintenance work is considered to be an "occupation necessary to the production" of goods. Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Note, 55 Yale L.J. 421. This court has pointed out, in Bozant v. Bank of New York, 2 Cir., 156 F.2d 787, 789, that the limitation on coverage of maintenance employees applied in 10 East 40th St. Bldg. v. Callus, 325 U.S. 578, 65 S.Ct. 1227, 89 L.Ed. 1806, 161 A.L.R. 1263, was restricted to buildings where "no actual physical manufacture went on."

So, also, the district court erred, in our judgment, in ruling that defendant's employees are exempted under the retail or service establishment exemption of § 13(a)(2). While at the time in question the greater part of the Company's selling was in intrastate commerce, nevertheless the ex

emption does not cover establishments also engaged in manufacturing. Roland Elec. Co. v. Walling, 326 U.S. 657, 666, 66 S.Ct. 413, 417, 90 L.Ed. 383: "If read in connection with the declared purpose of the Act and in the light of its legislative history and administrative interpretation * * * the exemption reaches employees of only such retail or service establishments as are comparable to the local merchant, corner grocer or filling station operator who sells to or serves ultimate consumers who are at the end of, or beyond, that 'flow of goods in commerce' which it is the purpose of the Act to reach." Where a manufacturing department is on the same premises as a retail establishment where its products are sold, only the employees engaged in the retail department are exempt. Walling v. Goldblatt Bros., 7 Cir., 152 F.2d 475, certiorari denied 328 U.S. 854, 66 S.Ct. 1344, 90 L.Ed. 1627; Fred Wolferman, Inc., v. Gustafson, 8 Cir., 169 F.2d 759. And if the Company's manufacturing and selling activities cannot be separated for purposes of analysis, the exemption is altogether inapplicable. A. H. Phillips, Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876; Armstrong Co. v. Walling, 1 Cir., 161 F.2d 515. The Company's operations are unlike those of the retail milk dealer near a state line, suggested in Roland Elec. Co. v. Walling, supra, as an example of the kind of exemption intended. It is more than incidentally engaged in interstate commerce; and in fact its manufacturing department does not even take on a retail character, since "no sales are made there and no direct contact is had with the customers." A. H. Phillips, Inc., v. Walling, 1 Cir., 144 F.2d 102, 106, affirmed 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876.

Finally we must consider the claimed errors in the charge to the jury as to the exemption of §13(a)(1) of "any employee employed in a bona fide executive * * * capacity." This exemption assumed importance here because of defendant's evidence that plaintiff, a duly licensed engineer, was "chief engineer" of defendant's concern, with extensive supervisory duties and control over a staff, with actual power to hire and fire. Plaintiff conceded that he performed "certain minor supervisory duties," but asserted that his "primary" duty was the maintenance and mechanical repair of the building facilities and machinery—in fact that he worked in overalls for the major portion of his duties in actual manual labor. It is not necessary to rehearse the evidence here further than to point out how important became the issue as to the actual distribution of his time in his various duties.

In instructing the jury as to this exemption the court took note—as, indeed, it must, Schmidt v. Emigrant Indus. Sav. Bank, 2 Cir., 148 F.2d 294—of the regulations established by the Administrator "defining and delimiting" the term "executive." 29 CFR, 1940 Supp. 541.1; 29 U.S.C.A.Appendix, § 541.1. Six requirements are there enumerated, which must be satisfied in order to make the employee exempt. The last one states that such an employee must be one "(F) whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction." In attempting to define the phrase "work of the same nature as that performed by nonexempt employees," the court charged: "Even though the plaintiff performed the work of a manual nature, if it were such that only he could do, being of a highly skillful or technical nature, then that work, even though it was manual, would not be of the same nature as that performed by other employees in the Building Department." This was erroneous.

In Dolan v. Day & Zimmerman, Inc., D. C.Mass., 65 F.Supp. 923, 934, the court pointed out that "the nonexempt work referred to in the regulation is not only the type of nonexempt work performed by employees under the direction of the employee in question. It is nonexempt work of any nature." After the decision in the Dolan case the Wage-Hour Administrator emphasized the holding by issuing a statement in which he said that "the court interpreted the term 'nonexempt work' in the regulations to mean nonexempt work of any na-

ture and not solely the type of nonexempt work performed by employees under the foreman's direction. * * * These interpretations of the regulation are fully in accord with the position of the Divisions, according to the Administrator." 1946 Wage Hour Man. 105. Nonexempt work may be of a highly skilled or technical nature, as was the work of the operating engineers in McComb v. Utica Knitting Co., 2 Cir., 164 F.2d 670, or of the FCC-licensed "radio engineer, first class," who was employed as chief radio engineer in Walling v. Sun Pub. Co., D.C.W.D.Tenn., 47 F.Supp. 180, 185, affirmed Sun Pub. Co. v. Walling, 6 Cir., 140 F.2d 445, certiorari denied 322 U.S. 728, 64 S.Ct. 946, 88 L.Ed. 1564. So if plaintiff performed no supervisory duties, but merely worked as one of several maintenance employees, the exemption would be inapplicable notwithstanding the skilled or technical nature of his activities. On the other hand, if much of his work was of the type which nonexempt skilled mechanics perform, but which, in this concern, only he performed, he still would not be exempt as the charge directed.

Thus the charge was damaging to the plaintiff as including within the tolerance limit of 20 per cent work of the kind which should not properly be so included. Since plaintiff duly excepted to this charge, it calls for a reversal as an inadequate and erroneous instruction for an appropriate special verdict. Federal Rules of Civil Procedure, 49(a), 28 U.S.C.A. As a matter of fact, this error was followed by a further manifest error, not objected to, as to the computation of the limitation of 20 per cent. For the court charged that the nonexempt hours were to be measured as a percentage of plaintiff's workweek, rather than of the workweek of the employees under his direction. (The correct interpretation is also pointed out in the Dolan case, and the Administrator's comments upon it, cited above.) Since plaintiff's workweek, as the jury found, averaged 70 hours, while that of his employees was 46, the difference is substantial, being that between 14 hours of nonexempt work before the exception became inapplicable under the charge, instead of 9 hours upon the facts as they appeared. Whether in view of the inter-

connection of the two parts of the definition attempted we should have ordered a reversal notwithstanding the absence of specific objection as required by Federal Rule 51, we need not decide; undoubtedly on a new trial care will be taken that this error also is not repeated.

Reversed and remanded.