**PARKE, DAVIS & COMPANY, Plaintiff-Appellee,**

v.

**JANEL SALES CORP., Defendant-Appellant.**

**No. 223, Docket 28532.**

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1963.

Decided Feb. 19, 1964.

George M. Chapman, New York City (Charles D. Snead, Jr., and Rogers, Hoge & Hills, New York City, on the brief), for plaintiff-appellee.

Herbert Plaut, New York City (Charles E. Scribner, and Scribner & Miller, New York City, on the brief), for defendant-appellant.

Before CLARK,* SMITH and HAYS, Circuit Judges.

PER CURIAM.

In this action by a drug manufacturer to enjoin sales of drugs and re-

---

\* Judge Clark heard argument in this case, but died before this opinion was prepared.

lated products by a retail drug store below so-called fair trade prices, the District Court for the Southern District of New York, Palmieri, J., found practices by defendant, a nonsigner of the fair trade agreements, in violation of the Miller-Tydings Amendment of Section 1 of the Sherman Act, 15 U.S.C. § 1, the McGuire Amendment of the Federal Trade Commission Act, 15 U.S.C. § 45 and the Feld-Crawford Act, N.Y.Gen. Bus.Law, McKinney's Consol.Laws, c. 20, §§ 369–a to 369–e, and issued the injunction as prayed, a claim for money damages having been waived. Defendant appeals, contending primarily that findings were clearly erroneous that plaintiff was not engaged in retailing. If it had been, this would have made its fair trade contracts agreements between retailers and with competitors and so not exempted from Sherman Act prohibitions by the so-called fair trade amendments. We find no error in the findings and affirm the judgment.

The principal issue on this appeal is whether sales by plaintiff to clinics and veterinarians, under provisions of its fair trade contract with retailers exempting sales by retailers to hospitals, clinics, physicians and other named agencies were sales at retail which would deprive plaintiff of the protection of the so-called "fair trade" acts. But these provisions, for the benefit of the retailers, were no restriction on the manufacturer. And neither those provisions nor any other proof offered, made Parke Davis' sales to hospitals, clinics and veterinarians sales at retail in competition at retail with its retail customers. Retail sales include "all marketing transactions in which the purchaser is actuated solely by a desire to satisfy his own personal wants or those of his family or friends through the personal use of the commodity * * * purchased." Roland Electric Co. v. Walling, 326 U.S. 657, 674, 66 S.Ct. 413, 90 L.Ed. 383. In a business such as plaintiff's this appears a more apt definition than one relying solely on the quantity of goods sold. These were not sales to ultimate consumers for their own use or the use of

their families. The fact that Parke Davis paid New York City sales tax on some items was not an admission that they were sales at retail, for the sales tax reaches transactions other than those usually considered retail sales, i. e., rentals by plaintiff to Pfizer of encapsulating machines.

Finally, appellant contends that denial of a continuance to take additional depositions was reversible error. The refusal of further adjournment, June 7, 1963 when the trial date had been set, in a not overly complicated case in which discovery had commenced on July 13, 1961, was well within the court's discretion.