Lawrence H. Cooke, J.
In these actions plaintiff seeks a permanent injunction enjoining each respective defendant: (1) from offering or selling as food, other than by net weight, any meat, meat food products, poultry or seafood except for immediate consumption on the premises where sold or as one of several elements comprising a ready-to-eat meal sold as a unit for consumption elsewhere than on the premises where sold; (2) from offering or selling at retail said items which are packaged and wrapped by defendant in advance of said offering or selling, unless an accurate computing scale is maintained so as to be easily available to customers, except as permitted by subdivision (c) of section 221.9 of Title 1 of the Official Compilation of Codes, Rules and Regulations of the State of New York (1 NYCRR 221.9 [c]); and (3) from offering or selling at retail said items which are not marked with net weight, selling price per pound and total selling price except as permitted by 1 NYCRR 221.9 (c). Upon an agreed statement of facts, the parties have requested that final judgment be rendered.
It appears: that defendants maintain shops known as “ Chicken Delight ” at which are sold shrimp, chicken and loin ribs in various sizes of covered cardboard or plastic bucket containers holding a standard numerical count of individual pieces; that the shrimp and chicken are breaded in a special batter and fried in special cookers after the customer has placed an order; that the loin ribs are precooked and, after a customer places an order, are inserted for final cooking; that each order requires preparation of approximately one hour and is delivered at the *3 shop or at the customer’s home warm and ready for eating with no on-premises consumption; and that no other food is delivered at the time of such sales or is included in the buckets except a condiment sauce with loin rib buckets.
Section 193 of the Agriculture and Markets Law, entitled “ Method of sale of food and food products ”, provides in part:
11 3. All food and food products offered for sale at retail and not in containers shall be sold or offered for sale by net weight, standard measure or numerical count under such regulations as may be prescribed by the commissioner.
‘1 4. All food and food products which are packaged or wrapped by the retailer in advance of being exposed or offered for sale by the retailer shall be accurately marked in such form or manner as may be prescribed by the commissioner, with (a) the net weight or standard measure or numerical count; (b) the selling price per pound or unit of standard measure, and (c) the total selling price.
‘ ‘ 5. Whenever food or food products are packaged or wrapped for sale by a retailer in advance of being sold or offered for sale, an accurate computing scale shall be maintained so placed as to be easily available to customers.”
Section 196-a of said law states among other things: 1 ‘ The commissioner may adopt and promulgate such rules and regulations to supplement and give full effect to the provisions of this article as he may deem necessary.”
The Commissioner of Agriculture and Markets, pursuant to said statutory authority, adopted the following rule or regulation (1 NYCRR 221.9 [c], eff. March 1, 1964): “ (c) Meat, poultry and fish. Except for immediate consumption on the premises where sold or as one of several elements comprising a ready-to-eat meal sold as a unit for consumption elsewhere than on the premises where sold, all meat, meat food products, poultry (whole or parts) and all seafood except shellfish, offered or exposed for sale or sold, as food shall be offered or exposed for sale and sold by net weight. The meaning of the words meat and meat food products .as used in this section is that defined in section 96-g of the Agriculture and Markets Law.” It is well recognized that the Legislature may, by statutory authority, confer upon a subordinate public board or agency the power to adopt rules and regulations reasonably adapted to carry out the purposes or objects for which it was created and reasonable rules when duly adopted pursuant to such authority have the force and effect of law (Darweger v. Staats, 267 N. Y. 290, 306; Cherubino v. Meenan, 253 N. Y. 462, 463, 466; People ex rel. Jordan v. Martin, 152 N. Y. 311, 316-317; People v. Malmud, *4 4 A D 2d 86, 91-92; Wirtz v. Lobello, 1 A D 2d 416, 418; Matter of Calfapietra v. Walsh, 183 Misc. 6, 7, affd. 269 App. Div. 734, affd. 294 N. Y. 867; Ivory v. Edwards, 278 App. Div. 359, affd. 304 N. Y. 949).
Defendants contend that subdivision (c) of section 221.9 is invalid in that plaintiff, the Commissioner of Agriculture and Markets, has included products not specifically provided for by statute. Subdivision 1 of section 193 defines “ food ” and “ food product” and subdivision 3 relates to “ food and food products ”. It should be noted that said rule specifies “ offered or exposed for sale or sold, as food ” and, therefore, is not beyond the delegation of power given to plaintiff by the Legislature. (See Swift & Co. v. Wickham, 230 F. Supp. 398, 401. Cf. Martin v. State Liq. Auth., 43 Misc 2d 682, 685-686, affd. 15 N Y 2d 707.)
Defendants contend that section 193 of the Agriculture and Markets Law applies to sales at retail and, therefore, is not applicable to the operations in question. When a Legislature gives no clue as to its intentions except familiar English words and there is no hint by the draftsmen of the words that they meant to use them in any but an ordinary sense, the words must be given their plain, ordinary and commonly understood meaning (Addison v. Holly Hill Co., 322 U. S. 607, 618; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 232). Retail sales include all marketing transactions in which the purchaser is actuated solely by a desire to satisfy his own personal wants or those of his family or friends through the personal use of the commodity purchased, the distinguishing feature of the retail trade being the selling of merchandise to ultimate consumers and its purpose being other than for resale (Roland Co. v. Walling, 326 U. S. 657, 674; Parke, Davis & Co. v. Janel Sales Corp., 328 F. 2d 105, 106; Ben Kanowsky, Inc. v. Arnold, 250 F. 2d 47, 50; Bogash v. Baltimore Cigarette Serv., 193 F. 2d 291, 293; Grant v. Bergdorf & Goodman Co., 172 F. 2d 109, 112; Lesser v. Sertner’s, Inc., 166 F. 2d 471, 473; Walling v. Consumers Co., 149 F. 2d 626, 630; A. H. Phillips, Inc. v. Walling, 144 F. 2d 102, 106, affd. 324 U. S. 490; White Motor Co. v. Littleton, 124 F. 2d 92, 93-94; Great Atlantic & Pacific Tea Co. v. Cream of Wheat Co., 227 F. 46, 47-48; Matter of Sears, Roebuck & Co. v. McGoldrick, 279 N. Y. 184, 187; City of Syracuse v. Bronner, 133 N.Y.S. 2d 153, 161; People v. Majewski, 152 Misc. 276, 278; Webster’s Third New International Dictionary [1963], p. 1938; cf. People ex rel. Miller v. Anderson, 173 Misc. 657, 660; Carlisle v. Lovell, 171 N. Y. S. 996, 998, mod. 187 App. Div. 970). Here, from the stipulated facts, the items in question are “ sold” (cf. Temple *5 v. Keeler, 238 N. Y. 344, 346; People v. Clair, 221 N. Y. 108, 111; Uniform Commercial Code, § 2-314, subd. [1]; 1 Frumer & Friedman, Products Liability, § 24.01, p. 637), and it is clear that they are sold at retail and that defendants are retailers, the sales of merchandise being made in small quantities to the ultimate consumers, purchasers desirous of satisfying their own wants or those of their family or friends through the personal use of the chicken, shrimp or loin ribs purchased with no intent to resell to some one else for still further sale. “ Each order is delivered to the customer warm and ready for eating. * * * The order is delivered to the customer either at the Chicken Delight shop or at the customer’s home” (emphasis supplied).
Defendants urge that they are caterers which contention, in the absence of an applicable statutory or regulatory definition, is open to argument (cf. Webster’s Third New International Dictionary [1963], p. 353; 14 C.J.S. p. 35), but, whether they are or not, the fact remains that they are involved in transactions by which the merchandise comes into the possession of the ultimate consumer, regardless of the title by which the vendors may choose to denominate themselves (Helbros Watch Co. v. Federal Trade Comm., 310 F. 2d 868, 870). Furthermore, it cannot be said that the transfer of the food is but an incidental feature of the transaction.
The question presents itself as to whether subdivisions 3, 4 or 5 of section 193 of the Agriculture and Markets Law or 1 NYCRR 221.9(c), or all of them, pertain and the determination turns on the time when the products are offered or exposed for sale, the time when the food and food products are packaged or wrapped and the time when the sale takes place. An offering or exposure for sale consists in having the article in question in stock for the purposes of sale without actually making such sale (People v. Lewis, 138 App. Div. 673, 675; People v. Branfman & Son, 147 Misc. 290, 294-295; People v. Koch, 19 Misc. 634). A sale consists in the passing of title from the seller to the buyer for a price (Uniform Commercial Code, § 2-106, subd. [1]; Matter of Sears, Roebuck & Co. v. McGoldrick, 279 N. Y. 184, 187, supra; Matter of Pennsylvania Whiskey Distr. Corp. v. Bruckman, 256 App. Div. 781, 783; Hall v. French-American Wine Co., 149 App. Div. 609, 612; Masao Hirasuna v. McKenney, 245 F. 2d 98, 102; United States v. Balanovski, 236 F. 2d 298, 304-305; cf. former Personal Property Law, § 82, subd 2) and, unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods (Uniform Commercial Code, § 2-105, subd. [1]; § 2-401, subd. [2]; cf. *6 former Personal Property Law, § 100, rule 2, rule 4, subd. 2, rule 5; § 156, subd. 4; Matter of Gunther’s Sons v. McGoldrick, 255 App. Div. 139, 142, affd. 279 N. Y. 148; McConihe v. New York & Erie R. R. Co., 20 N. Y. 495, 497; Decker v. Furniss, 14 N. Y. 611, 617; Shultz & Co. v. De Nood, 194 App. Div. 149, 151-152).
According to the agreed facts, shrimp, chicken and loin ribs are “ offered for sale and sold in buckets ” but it is also stipulated that shrimp and chicken are put in a batter and fried and loin ribs are inserted for final cooking after a customer places an order. Necessarily, therefore, the food or food products are not “ packaged or wrapped by the retailer in advance of being exposed or offered for sale”, because they are packaged or wrapped in the bucket container (see Agriculture and Markets Law, § 192) after being ordered and after being fried or finally cooked, and subdivision 4 of section 193 of the Agriculture and Markets Law, therefore, is not applicable to the situation at hand.
Subdivision 3 of said section applies to all food and food products offered for sale at retail and not in containers. At the time the food and food products in question are offered for sale (in stock for the purposes of sale) and when the orders are placed, they are not in containers and, according to the statutory directive, must be sold or offered for sale by net weight.
Section 221.9 (c) provides for two exceptions, not applicable to the instant controversy: (1) immediate consumption on the premises, and (2) where sold as one of several elements comprising a ready-to-eat meal sold as a unit. Beyond said exceptions, it applies to “ all meat, meat food products, poultry (whole or parts) and all seafood except shellfish, offered or exposed for sale or sold, as food ”. There is, therefore, still another exception— shellfish, defined as “ an aquatic invertebrate animal having a shell: a: an oyster, clam or other mollusk b: a lobster or other crustacean ” (Webster’s Third New International Dictionary [1963] p. 2093; cf. p. 547). Shrimp, therefore, are excluded but the rule requires that chicken and loin ribs, not covered by the two introductory exceptions, be offered or exposed for sale and sold by net weight. There is an apparent conflict between said subdivision 3, referring to all food and food products, and said section 221.9 (c), which excepts shellfish, but, in this regard, it should be kept in mind that injunctive relief should be awarded only where the right thereto is clear (Reliance Grant Elevator Equipment Corp. v. Reliance Ball Bearing Door Hanger Co., 205 App. Div. 320, 324; Gambrill Mfg. Co. v. American Foreign Banking Corp., 194 App. Div. 425, 432).
*7 The food and food products with which we are concerned are packaged or wrapped in the bucket containers by the retailer in advance of being sold (in advance of the passing of title, in advance of the time and place at which defendants complete their performance by physical delivery) and, therefore, subdivision 5 applies.
On notice of two days, submit proposed judgment, in each respective case:
(a) permanently enjoining defendant or defendants, his or their agents, servants, employees and all persons acting in concert with him or them, as the case may be, from offering or exposing for sale or selling as food, other than by net weight, any meat, meat food products, poultry or seafood, but excepting and not including shrimp or other shellfish, except for immediate consumption on the premises where sold or as one of several elements comprising a ready-to-eat meal sold as a unit for consumption elsewhere than on the premises where sold ;
(b) permanently enjoining defendant or defendants, his or their agents, servants, employees and all persons acting in concert with him or them, as the case may be, from offering for sale or selling at retail meat, meat food products, poultry and seafood as food or food products, which are packaged or wrapped by defendant or defendants in advance of being sold or offered for sale, unless an accurate computing scale is maintained and so placed by defendant or defendants as to be easily available to customers, except as may be permitted by section 221.9 (c) of Title 1 of the Official Compilation of Codes, Rules and Regulations of the State of New York.