Per Curiam.

Where a milk wholesaler and distributor maintains in its storage area, containers of milk, imprinted with the date and the name of the packer, which, when selected on a random basis from other similarly marked containers, are determined to be improperly labeled, there has been proven a prima facie case of these containers being offered for sale within the meaning of sections 833-16.0 and 833-22.0 of the Administration Code of the City of New York (see Wickham v. Levine, 47 Misc 2d 1, 5, affd. 24 A D 2d 1035, affd. 23 N Y 2d 923). Accordingly, it was improper to dismiss the complaint at' the close of plaintiff’s case, on the grounds that there was no proof that defendant intended to sell the milk or that the sale would take place in the City of New York. It then became incumbent upon defendant to prove that the containers at issue were to be treated specially and not offered for sale (see People v. Kibler, 106 N. Y. 321, 324).
The plaintiff has the right to recover the penalties provided by the statute (City of New York v. Steen, 233 N. Y. 595) and, in view of the language of the statute providing for a penalty for “ each and every * * * offense ”, cumulative penalties inay be recovered (see People v. Spencer, 201 N. Y. 105, 109).
*866 The judgment should be reversed and new trial ordered, with $30 costs to appellant to abide the event.
Concur — Markowitz, P. J., Fine and Frank, JJ.
Judgment reversed, etc.