OPINION OF THE COURT
Hilda G. Schwartz, J.
Plaintiff moves for an order awarding summary judgment in its favor against defendants. Defendants cross-move for an order awarding summary judgment in their favor against plaintiff.
This action is brought for a declaratory judgment declaring null and void a regulation promulgated by the defendant Corporation Counsel of the City of New York which prohibits attorneys employed in that office from the private practice of law.
The regulation, dated February 8, 1978, which was received by civil service attorneys who are members of plaintiff union and are employed by the Office of the Corporation Counsel provides:
“1. * * * No lawyer who is employed full time by the Department of Law shall maintain an office for the private *850 practice of law alone or with others, hold himself out to be in the private practice of law, or engage in the private practice of law except as provided in paragraph 2 of this memorandum. Acceptance of a forwarding fee shall be deemed to be within the foregoing prohibition.
“2. The Corporation Counsel may make specific exceptions to paragraph 1 of this regulation in unusual circumstances. Applications for exceptions must be made in writing stating the reasons therefor and be directed to the Corporation Counsel through the applicant’s superior. Action taken by the Corporation Counsel with respect to any such application shall be made in writing and shall be directed to the applicant.
“3. No employee shall engage in any employment outside his official hours of duty or while on leave status if such employment will:
“(a) in any manner interfere with the proper and effective performance of the duties of his position;
“(b) create or appear to create a conflict of interest; or
“(c) reflect adversely upon the Department of Law.
“4. This regulation shall supersede any prior regulation concerning the subject matter of this regulation and shall take effect immediately.”
Plaintiff Civil Service Bar Association (hereinafter CSBA) is a not-for-profit association duly organized and existing under the laws of New York State and has been duly recognized as the collective bargaining agent of all civil service attorneys employed by the City of New York in the titles of associate attorney, senior attorney, attorney, assistant attorney, law clerk and attorney trainee, which encompasses all nonmanagerial titles subject to selection and appointment by competitive civil service examinations.
Defendant Law Department of the City of New York is an executive department of the defendant City of New York organized pursuant to chapter 16 of the New York City Charter.
Plaintiff union represents approximately 250 attorneys in collectively bargained titles who are presently employed *851 by defendant Law Department and who are affected by the February 8, 1978 regulation.
Allen G. Schwartz, Esq., former Corporation Counsel, and Frederick A. O. Schwarz, Jr., present Corporation Counsel, submit affidavits in support of the cross motion which point out that pursuant to the City Charter (§ 394, subd a), the Corporation Counsel and his assistants “shall have charge and conduct of all the law business of the city and its agencies and in which the city is interested.” The Corporation Counsel’s office is the largest unified law office in the country other than the Justice Department. Its attorneys are required to deal with a broad variety of legal responsibilities — from sensitive policy issues to many thousands of actions involving commercial, negligence, real estate, tax and civil rights interest in the City of New York, to prosecuting almost all juvenile crimes and thousands of other criminal matters involving building codes and other enforcement areas.
The February 8, 1978 regulation was issued to achieve the highest level of professionalism and integrity and to eliminate any possible appearance of impropriety which could result from an attorney having an important public legal position and a private legal practice at the same time.
The regulation was also designed to insure that the attorneys in the office would devote their full time and energies to their responsibilities by eliminating the inevitable infringement on interference with their obligations which private practice would create.
Plaintiff contends that the Corporation Counsel lacks the authority to promulgate the challenged regulation.
The Corporation Counsel derives his authority from the applicable provisions of the New York City Charter (Charter) and the New York City Administrative Code.
Subdivision a of section 1105 of the Charter provides: “Each head of an agency may, except as otherwise provided by law, make rules and regulations for the conduct of his office or agency and to carry out its powers and duties.” The functions, powers and duties of the Corporation Counsel are set forth in chapter 16 of the Charter. Under section 391 thereof, the Corporation Counsel is designated to be *852 the “head” of the Law Department. Subdivision a of section 394 goes on to provide that the Corporation Counsel “* * * shall have charge and conduct of all the law business of the city and its agencies and in which the city is interested.”
In addition, section 1120 of the New York City Charter provides: “Any * * * appointed officer of the city * * * shall * * * exercise * * * any power necessary to carry out the powers and duties vested in him”.
Read together, these provisions clearly empower the Corporation Counsel to regulate the manner in which the law business of the city shall be conducted.
The matter of regulation of the conduct of an agency and its employees by an agency head was recently examined by the Court of Appeals in Matter of Nicholas v Kahn (47 NY2d 24). In Nicholas, the court upheld the authority of the chairman of the State Public Service Commission to promulgate rules prohibiting commission employees from owning interests in certain business concerns regulated by the commission. In focusing on the scope of the rule-making authority delegated to the agency head, the court stated (supra, pp 28, 31):
“While it is true that an administrative agency possesses no inherent legislative power, it may constitutionally exercise its authority by promulgating rules within the boundaries of its legislative delegation * * *
“The cornerstone of administrative law is derived from the principle that the.Legislature may declare its will, and after fixing a primary standard, endow administrative agencies with the power to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation * * *
“Thus, it is not necessary that the Legislature supply administrative officials with rigid formulas in fields where flexibility in the adaptation of the legislative policy to infinitely variable conditions constitute the very essence of the programs. Rather, the standards prescribed by the Legislature are to be read in light of the conditions in which they are to be applied (Matter of Broidrick v Lindsay, 39 NY2d 641, 646; Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 276-277). Indeed, some areas are simply incapable of statutory completion.”
*853 The grant of authority provided in subdivision a of section 1105 of the Charter is a typical example of enabling legislation conferring on an administrator the power to promulgate administrative rules in an area incapable of statutory completion.
The Court of Appeals in Matter of Calfapietra v Walsh (183 Misc 6, affd 269 App Div 734, affd 294 NY 867) and Flood v Kennedy (26 Misc 2d 172, affd 16 AD2d 768, affd 12 NY2d 345), upheld the authority of city agency heads to issue regulations barring outside employment by agency employees in cases where the relevant pattern of Charter and Administrative Code provisions was virtually identical to those present herein and where a key provision relied upon as the basis of the commissioner’s rule-making power was subdivision a of section 1105 or its predecessor, section 885 of the New York City Charter.
All Assistant United States Attorneys throughout the country, in addition to every other attorney employed by the United States Department of Justice, are prohibited from having a private law practice by a regulation (28 CFR 45.735-9) promulgated by the United States Attorney General. A similar prohibition has been imposed in the District Attorney’s Office in New York County and other offices. The Administrative Board of the Judicial Conference in 1977 adopted the same prohibition (22 NYCRR 25.44) barring the private practice of law by all full-time lawyers employed in any agency or court of the unified court system.
In Matter of Goldstein v Bartlett (92 Misc 2d 262, affd 64 AD2d 956), the Appellate Division affirmed, on the opinion below, the decision upholding the prohibition adopted by the administrative board. It stated (p 267): “These policy considerations underlying the rule are, indeed, of great moment. They are outlined in detail in the comprehensive affidavit filed by respondent in opposition to the application. To the extent that the matters there stated are factual, they are proper subjects of judicial notice and are accepted and confirmed by this court. Salient among the facts which influenced the step-by-step evolution of the present rule was the conflict of interest — actual and apparent — between the public employment and the pri *854 vate practice. Inevitably, the exigencies of the private practice and the convenience of private clients required communication and sometimes actual representation, with concomitant distraction, during the regular hours (including the normal hours of court sessions) required to be devoted to the employment; and occasionally the incidental use of official library, telephone, and other facilities to accommodate the temporal and other necessities of the private practice. Many of the permitted activities (e.g., title closings; uncontested judicial accountings) would normally have to be conducted during customary daytime business hours. In short, the conflict was inevitable and, indeed, inherent.”
The affidavit of State Administrative Judge Richard J. Bartlett, of which the court in Goldstein (supra), took judicial notice stated in pertinent part: “[T]he nature of the attorney-client relationship requires a lawyer to be available when needed by his clients. Neither his time nor his schedule is exclusively his to control. He cannot totally isolate himself from his clients or from other lawyers during normal business hours without failing in his professional duties.”
In 1979, the State Attorney-General imposed a similar prohibition on all attorneys in his office. This too was upheld by the courts after a challenge by a competitive civil service attorney (O’Connell v Abrams, Supreme Ct, Albany County, No. 9970-79, 1979). The court in O’Connell held: “[Tjhis court is in accord with, and adopts the view expressed by Mr. Justice Gibson in Matter of Goldstein v. Bartlett (92 Misc. 2d 262, aff’d. 64 AD2d 956) that there is nothing unconstitutional in a governmental entity prohibiting full-time attorneys employed by it from engaging in the private practice of law. Judge Gibson noted the inherent ‘conflict of interest — actual and apparent — between the public employment and the private practice’ and how, despite the best intentions, the demands of private practice inexorably lead to a dilution of the public service” (O’Connell v Abrams, supra, p 3).
In Matter of Klingaman v Bartlett (92 Misc 2d 271, affd 64 AD2d 1038), the Appellate Division rejected another challenge to this rule, this time brought by a deputy chief *855 court clerk, who, in addition to all the arguments raised in Goldstein (supra), urged an additional argument (p 272) (identical to plaintiff’s contention in the present action) “that the rule unlawfully extends and expands” the provisions of a pre-existing statute which had been a more limited prohibition on private practice (in that case it was section 250 of the Judiciary Law, enacted in 1909, prohibiting the clerk, deputy clerk or special deputy clerk of a court only from practicing in that court). The court found this argument “equally tenuous” as the ones rejected in Gold-stein, stating (92 Misc 2d, at p 272): “The section cited, doing no more than to prohibit one certain act, is not offended by a rule providing additional inhibitions.”
The February 8, 1978 regulation provides that the Corporation Counsel may make specific exceptions “in unusual circumstances”. Plaintiff contends that this provision is vague and is conducive to arbitrary decisions. However, section 3 of the regulation provides some of the broad guidelines which govern the consideration of such requests.
Plaintiff also argues that the regulation violates sections 200 and 204 of the Civil Service Law in that it allegedly changes the terms and conditions of employment, a change which can only be effected through the collective bargaining process.
Since the Board of Collective Bargaining has exclusive, nondelegable jurisdiction over improper labor practices and since the city has a comprehensive labor law designed to adjudicate such improper charges, this court lacks subject matter jurisdiction to resolve plaintiff’s claim of violation of the Civil Service Law.
Plaintiff’s motion for summary judgment is denied.
Defendants’ cross motion for an order awarding summary judgment in their favor dismissing the complaint is granted.