OPINION OF THE COURT
Edward J. Greenfield, J.
Does the Workers’ Compensation Board have the power, by administrative regulation, to restrict attorneys employed by it from the private practice of law?
Petitioners, employed as attorneys by the Workers’ Compensation Board (WCB), in this CPLR article 78 proceeding, challenge the WCB Chairman’s right to restrict or prohibit employees from engaging in private law practice.
Petitioners allege that they have engaged in the private practice of law during their off-duty hours for many years. In January 1984, the petitioners formed a partnership and obtained offices in downtown New York. Thereafter, respondents became aware of petitioners’ private practice of law and on May 22, 1984, the WCB’s general counsel issued a memorandum which provided that no private practice of law could be done during working hours, that the petitioners could not receive or forward referrals from or to any party with whom the WCB does business, and restricting the outside practice of law to exclude the areas of "compensation, insurance, disabil *983 ity, no-fault or negligence.” Petitioners then commenced this article 78 proceeding seeking a declaratory judgment that: the memorandum is unconstitutional, in excess of jurisdiction granted to respondents, that respondents may not regulate petitioners’ outside practice of law and that the memorandum is in violation of the Workers’ Compensation Law, the Public Officers Law and the Civil Service Law. Thereafter, on July 3, 1984, Robert Steingut, as Chairman of the WCB, issued a memorandum which prohibits any attorney employed by the WCB from engaging in the private practice of law. This blanket prohibition supersedes the original memorandum, but petitioners have not amended their petition. The respondents, prior to answering, have cross-moved to dismiss the petition for failure to state a cause of action pursuant to CPLR 3212. Notwithstanding the procedural irregularity, petitioners urge that since the issues have been fully presented to the court, a decision on the merits should be rendered without the necessity of further pleadings.
Petitioners’ principal contention is that the Workers’ Compensation Law does not authorize the Chairman to prohibit the private practice of law and is thus in excess of the jurisdiction granted to the Chairman by the Legislature and is therefore unconstitutional.
In Matter of Goldstein v Bartlett (92 Misc 2d 262, affd 64 AD2d 956), the Judicial Conference promulgated a rule prohibiting the private practice of law by law secretaries to Supreme Court Justices. The petitioner in that case challenged the regulation on substantially similar grounds as those raised by petitioners here. The court in Goldstein (supra) dismissed the petition on the grounds that the rule was a valid exercise of powers granted to the Judicial Conference and was otherwise a rational and reasonable exercise of those powers.
Petitioners here seek to draw a distinction between Gold-stein (supra) and this case, contending that in Goldstein, there was a specific legislative grant of power to the Judicial Conference contained in Judiciary Law § 212, but that there is no similar legislative grant to the Chairman of the WCB. A review of Judiciary Law § 212 does not reveal any greater or more specific authority granted to the Judicial Conference than is granted to the Chairman of the WCB to regulate outside employment. Workers’ Compensation Law § 152 permits the Chairman of the WCB to "make, amend and repeal *984 regulations for the administration of the board and its employees.”
In Goldstein (supra, at p 267) the court dismissed the contention that the rule was adopted without authority, noting: "[P]etitioner argues that: 'One looks in vain for any intimation, much less * * * reference, to the power of the [agency] to regulate the private practice of the profession of law.’ The argument does not focus upon the true issue * * * which is the right of the [agency] to regulate, not the practice of law, but, rather, employment within the judicial system”.
A regulation prohibiting the private practice of law by New York City Corporation Counsel’s attorneys was also held valid in Civil Serv. Bar Assn. v Schwartz (114 Misc 2d 849, affd 97 AD2d 715). There the Corporation Counsel was held to have authority to issue the prohibition, although the New York City Charter stated only that he may " 'make rules and regulations for the conduct of his office or agency and to carry out its powers and duties’ ” (supra, at p 851).
Petitions challenging prohibitions against the private practice of law by full-time employees of the Department of Law of the New York State Attorney-General (O’Connell v Abrams, 9970-79, Sup Ct, Albany County 1979) and Clerks of the New York State Court of Claims (Matter of Klingaman v Bartlett, 92 Misc 2d 271, affd 64 AD2d 1038) have also been dismissed.
Petitioners contend that the foregoing opinions were incorrectly decided and that the acceptance by those courts of general provisions to sustain a specific prohibition against the private practice of law "swims upstream against a torrent of case law.” Vivid imagery, however, cannot substitute for legal reasoning. The cases cited by petitioners are factually dissimilar to this case. Matter of Fullilove v Carey (62 AD2d 798, affd 48 NY2d 826 [Executive Order by Governor Carey]); Subcontractors Trade Assn. v Koch (62 NY2d 422 [Executive Order by Mayor Koch]); Rapp v Carey (44 NY2d 157 [Executive Order by Governor Carey]) all involve actions by the executive branch of government in excess of its authorized power. An analysis based upon the constitutional separation of powers among the three branches of government is wholly inapplicable to this case since an administrative agency often combines legislative, executive and judicial functions (Matter of Nicholas v Kahn, 47 NY2d 24, 31) and an administrative agency is a. creation of the Legislature and "with such powers as are conferred upon it by the Legislature” (Finger Lakes Racing
*985 Assn. v New York State Racing & Wagering Bd., 45 NY2d 471, 480). Petitioners’ reliance upon Matter of Bates v Toia (45 NY2d 460) is misplaced. There a regulation by the Commissionér of Social Services was held valid since "The commissioner is vested by statute with broad rule-making power to effectuate the duties of his office” (supra, at p 464).
In Matter of Nicholas v Kahn (47 NY2d 24, supra), the Chairman of the Public Service Commission (PSC) issued a rule prohibiting employees and certain of their relatives from owning any interest in companies regulated by the PSC. The rule went beyond the specific authority granted to the Chairman of the PSC, but was nonetheless held to be a valid regulation, deemed necessary by that officer to protect that agency from the appearance of impropriety due to the actual or apparent conflict between private interests and public duties, and within the power of the Chairman of the PSC to promulgate. The court held in part: "Under the code of ethics for State officers and employees (Public Officers Law, § 74) and its enabling legislation (Executive Law, § 74), the Legislature has recognized that the task of implementing and defining the ethical considerations set forth in the statute are to be vested in the person ultimately responsible for the performance of the commission’s functions — its chairman” (supra, at p 28).
Similarly, in this case, the Chairman of the WCB has determined that the continued practice of law by Board attorneys poses a potential conflict between private interests and public service. The regulation is within his power to promulgate.
Petitioners contend that so much of the Chairman’s memorandum as provides that "any violation of this order may subject the attorney to immediate dismissal or other sanctions” is in violation of the Civil Service Law provisions which spell out the manner in which civil service employees may be discharged. That argument is premature and hypothetical. Petitioners have not been threatened with dismissal, and the Chairman’s ability to suspend or terminate any employee, is in any event, subject to "the provisions of the civil service law and rules” (Workers’ Compensation Law § 149).
Petitioners’ further contention that respondents may not regulate their private practice of law since that power is vested solely in the Appellate Division, pursuant to Judiciary Law § 90, is without merit. The memorandum regulates petitioners’ employment, not the private practice of law. (See, Matter of Goldstein v Bartlett, supra, at p 267.)
*986 Respondents’ motion to dismiss the petition is granted and the relief sought by petitioners is denied in all respects. The clerk of the court is directed to dismiss the petition without further order of the court.